**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Thomas Tommy VALDEZ, Defendant–Appellant.**

**No. 92CA1389.**

Colorado Court of Appeals, Div. V.

Oct. 21, 1993.

As Modified on Denial of Rehearing Nov. 18, 1993.

Certiorari Denied May 23, 1994.

and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gordon D. Sanchez, Craig A. Murdock, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Thomas Tommy Valdez, appeals the judgment of conviction entered upon jury verdicts finding him guilty of three counts of sexual assault on a child as part of a pattern of sexual abuse and three counts of sexual assault on a child by one in a position of trust. The counts were premised on defendant's alleged improper conduct with two nieces and a step-niece, who were between nine and eleven years of age during the time in question. We affirm.

## I.

Defendant first contends that the crime of sexual assault on a child as part of a pattern of sexual abuse, § 18–3–405(2)(c), C.R.S. (1993 Cum.Supp.), is a lesser included offense of the crime of sexual assault on a child by one in a position of trust. Section 18–3–405.3, C.R.S. (1993 Cum.Supp.). Alternatively, he contends that the sexual assault on a child statute, § 18–3–405, C.R.S. (1986 Repl. Vol. 8B), creates only one offense and that sexual assault on a child as part of a pattern of sexual abuse and sexual assault on a child by one in a position of trust are sentence enhancers, not separate crimes. Defendant argues he therefore cannot be convicted of both sexual assault on a child as part of a pattern of sexual abuse and sexual assault on a child by one in a position of trust. However, because each crime requires proof of facts not required by the other, and because they are separate offenses, we disagree.

Section 18–1–408(1), C.R.S. (1986 Repl.Vol. 8B) authorizes the prosecution for multiple offenses arising out of the same criminal conduct, but expressly prohibits multiple convictions when one offense is a lesser included of the other. For purposes of this statutory prohibition of multiple convictions, an offense is lesser included when "it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged." Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B). The same prohibition applies under the doctrines of merger and double jeopardy. *See People v. Henderson*, 810 P.2d 1058 (Colo.1991).

Pursuant to § 18–3–405(1), C.R.S. (1986 Repl.Vol. 8B), "any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Sexual assault on a child is a class 3 felony if the actor commits the offense as part of a pattern of sexual abuse. Section 18–3–405(2)(c), C.R.S. (1993 Cum. Supp.).

A person commits sexual assault on a child by one in a position of trust when he or she "knowingly subjects another not his or her spouse to any sexual contact ... if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim." Section 18–3–405.3(1), C.R.S. (1993 Cum. Supp.). Sexual assault on a child by one in a

position of trust is a class 3 felony if the victim is less than fifteen years old, and a class 4 felony if the victim is fifteen or more but less than eighteen. Section 18–3–405.-3(2), C.R.S. (1993 Cum.Supp.).

■ To be convicted of sexual assault on a child as part of a pattern of sexual abuse, the prosecution does not have to prove that the defendant was in a position of trust, but must prove the commission of the sexual contact charged and at least one other incident of sexual contact on the same child within ten years of the offense charged. Sections 18–3–401(2.5) and 18–3–405(2)(c), C.R.S. (1993 Cum.Supp.). In contrast, to be convicted of sexual assault on a child by one in a position of trust, the prosecution does not have to prove a pattern of sexual contact, but must prove that the actor was in a position of trust with respect to the victim. Section 18–3–405.3, C.R.S. (1993 Cum.Supp.). Hence, neither of these offenses requires proof of the same or less than all of the facts required to establish the other.

■ We further disagree that, as presently defined in separate statutes, the two offenses should be construed as merely sentence enhancers of the single crime of sexual assault. Section 18–3–405 at one time provided that sexual assault on a child was a class 4 felony, but was a class 3 felony if the actor who committed the offense was one in a position of trust or if the actor committed the offense as a part of a pattern of sexual abuse. See § 18–3–405(2), C.R.S. (1989 Cum.Supp.). However, the General Assembly amended the statute in 1990 to delete any reference to sexual assault by one in a position of trust. See Colo.Sess.Laws 1990, ch. 139, § 25, § 18–3–405(2)(b) at 1033. At the same time, § 18–3–405.3, C.R.S. (1993 Cum.Supp.) was enacted, making sexual assault on a child by one in a position of trust a separate crime.

As a result, defendant was convicted under separate statutory provisions requiring proof of different acts in regard to each of the three victims. We therefore conclude that the crimes of sexual assault on a child as part of a pattern of sexual abuse and sexual assault on a child by one in a position of trust were not intended by the General Assembly as sentence enhancers for the same offense, but rather were intended to be separate crimes. *Cf. People v. Henderson, supra.*

## II.

Defendant next contends that the trial court erred in failing to give a cautionary jury instruction contemporaneously with the admission of some of the victims' hearsay statements. We find no reversible error.

At the time in question, when a child victim's hearsay statement was admitted under § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A), the trial court was required to give a cautionary jury instruction on credibility. And, such instruction was to be given contemporaneously with the admission of the hearsay evidence and again at the conclusion of the case. *People v. McClure,* 779 P.2d 864 (Colo. 1989); compare Colo.Sess.Laws 1993, ch. 150, § 1, § 13–25–129(2) (court shall instruct the jury *in the final instructions* that during the proceeding the jury heard evidence repeating a child's out-of-court statement and that it is for the jury to determine the weight and credit to be given the statement).

■ Because defendant did not request a contemporaneous instruction, our scope of review is limited to determining whether its omission constitutes plain error. *See* Crim.P. 52(b). Plain error exists only if we can say with fair assurance that the trial court's failure to give the statutory cautionary instruction so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Wilson,* 838 P.2d 284 (Colo.1992).

■ Here, the record shows that three prosecution hearsay witnesses testified in sequence on the same day of trial. The cautionary instruction was given immediately after the testimony of the third witness. This mitigates any prejudice from not giving the instruction as each witness testified. *See People v. Jones,* 851 P.2d 247 (Colo.App.1993) (even though cautionary instruction not given after each hearsay witness, no plain error when instruction was "strategically given.").

The other witness whose hearsay testimony is challenged because of the failure to give

the cautionary instruction was a doctor. Her testimony was offered under CRE 803(4) as a statement made for purposes of medical diagnosis. The statutory procedures, including the requirement of a cautionary instruction, therefore do not apply. *See People v. Bolton,* 859 P.2d 303 (Colo.App.1993).

Moreover, all of the victims testified and their testimony was substantially the same as that provided by the hearsay witnesses. The hearsay testimony was therefore merely corroborative of the victims'. *See People v. Wood,* 743 P.2d 422 (Colo.1987).

In addition, the court gave the cautionary instruction in the general charge to the jury, again telling the jurors that it was their prerogative to determine the weight and the credit to be given to the hearsay statements of the children and that, in making that determination, they should consider the age and maturity of the child, the nature of the particular statement, the circumstances under which the statement was made, and any other relevant factors. The trial court supplemented this cautionary instruction with an instruction on the credibility of witnesses, emphasizing that it was the function of the jury to determine what testimony to believe.

We are convinced on the basis of the entire trial record that the failure to give the contemporaneous instruction after each hearsay witness did not so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See People v. Wilson, supra.*

### III.

Finally, defendant contends that prosecutorial misconduct deprived him of a fair trial. We again disagree.

### A.

Defendant argues that it was highly improper for the prosecution to impeach the defendant with prior misconduct. Defendant objected to this testimony and moved for a mistrial which was denied.

■ The trial court has broad discretion to grant or deny a mistrial, and its decision will not be disturbed on appeal absent a gross abuse of discretion and prejudice to the defendant. *People v. Collins,* 730 P.2d 293 (Colo.1986).

■ Here, the defendant testified that he would never improperly touch any of the victims, that he was "hurt" by the accusations, and that he would "hate" someone who would do such touching. On cross-examination, the prosecution asked the defendant if, when he was seventeen and his stepsister eleven, he had molested her. The defendant denied it. In rebuttal, the prosecution questioned defendant's stepsister about the incident, and she testified that it had happened.

Under the circumstances here, we agree with the trial court that the defendant had opened the door to this impeachment evidence.

### B.

■ Defendant also contends that he was deprived of a fair trial when the prosecution cross-examined his wife and commented in closing argument about misconduct by her former husband. In the circumstances presented here, we disagree.

Defendant's wife testified on direct examination by defense counsel that she wanted to protect her grandchildren just as she had protected her children and that she did not believe defendant had engaged in any misconduct. On cross-examination, the prosecutor elicited testimony that, despite her asserted protectiveness and disbelief of any misconduct, the witness' own daughter had been molested by her former husband.

Defendant did not object to this testimony. Our review is thus again limited to plain error. *See People v. Wilson, supra.*

Here, the prosecutor used this one incident to impeach the witness' testimony regarding her protectiveness and the credibility of her belief in defendant's innocence. The admission was relevant to the credibility of the witness and pertained to the subject matter of direct examination and, therefore, was within the scope of proper cross-examination. *See* CRE 611(b).

■ In regard to closing argument, counsel is entitled to argue all reasonable infer-

ences from facts in evidence, *People v. De-Herrera,* 697 P.2d 734 (Colo.1985), and may, without impropriety, comment on how well and in what manner a witness measures up to the tests of credibility set forth in the instructions. *People v. Lucero,* 677 P.2d 370 (Colo.App.1983), *cert. dismissed,* 706 P.2d 1283 (Colo.1985).

Here, the prosecutor on one occasion argued the jury did not have to accept the wife's belief that defendant was innocent because she had not known of her former husband's misconduct. On another occasion, the prosecutor observed that the jury could not right the wrongs done by the former husband and that all that was before them was evidence of wrongs done in the summer of 1991. On neither occasion did defense counsel offer any objection.

The first reference was no more than a fair inference the jury could draw from the evidence. The second was an accurate observation about the alleged crimes the jury was to address.

In considering the record as a whole, we conclude that error, if any, in allowing such comments in closing argument did not rise to the level of plain error. Accordingly, reversal of defendant's conviction is not required.

## IV.

In defendant's reply brief, he maintains for the first time that he received ineffective assistance of counsel. Because that contention was not presented in the trial court or in his opening brief, we will not address it. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

Judgment affirmed.

MARQUEZ and DAVIDSON, JJ., concur.