The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael M. MURPHY, Defendant–Appellant.

No. 91CA0945.

Colorado Court of Appeals, Div. II.

Dec. 29, 1994.

Rehearing Denied Feb. 2, 1995.

Certiorari Granted July 31, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Michael Murphy, appeals the judgment entered on a jury verdict finding him guilty of one count of first degree sexual assault, one count of third degree assault, and one count of false imprisonment. We reverse.

According to prosecution evidence, defendant and the victim became known to each other in June 1990, as a result of the victim patronizing a store at which the defendant worked. A few weeks after their first meeting, the victim agreed to go to the defendant's apartment. There, according to the victim, the defendant handcuffed him, photographed him in compromising poses, and engaged in sexual acts described as bondage and sadomasochism.

Defendant, on the other hand, testified to a developing relationship between the two men that culminated in the encounter in his apartment in which the two consensually engaged in various sexual activities.

After the victim left the apartment, he contacted the police and alleged that he had been sexually assaulted. He later arranged to meet the defendant, who was arrested when he emerged from his apartment building to meet the victim.

### I.

On appeal, defendant contends that the trial court erred by refusing to allow him to cross-examine the victim about his sexual preference and orientation or to introduce expert testimony about the possible behavior of homosexual men with sexual identity conflicts who engage in homosexual contact. We agree.

The trial court's refusal to allow cross-examination of the victim about his sexual identity was premised on application of § 18-3-407, C.R.S. (1986 Repl.Vol. 8B), commonly known as the "Rape Shield Statute." That statute provides that evidence of specific instances of the victim's prior or subsequent sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall be presumed irrelevant. The policy behind the rape shield statute is to prevent victims of sexual assault from being subjected to humiliating and embarrassing public "fishing exhibitions" into their past sexual conduct, unless the evidence is relevant to an issue in the pending case. *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978). Homosexual orientation is within the purview of the rape shield statute. *People v. Koon*, 713 P.2d 410 (Colo. App.1985).

Defendant argues that the victim's sexual orientation was admissible to the issues of consent and as to the victim's credibility. Under the circumstances here, we agree.

Numerous times on direct examination, the prosecution questioned the victim about his family, including a former wife and daughter, and friends with whom he had lived. The record reveals no apparent reason for this evidence other than to buttress his credibility and to establish that the victim was heterosexual and would not consent to a homosexual experience.

Furthermore, on direct examination, the victim responded to the prosecution's questioning of the homosexual contact by stating "I'm not that kind," "I don't do that," and "I'm not into whatever it is," and by referring to the defendant as a "sick bastard" because of the defendants' sexual preference. He also testified that he went to defendant's apartment only because he wanted to make a new friend.

We agree with defendant that the prosecutor's examination and the victim's testimony created the inference that he was heterosexual and would not engage in consensual homosexual conduct. By so doing, the prosecution opened the door for the defendant to cross-examine the victim as to his sexual orientation and to impeach his earlier testimony. *See People v. Valdez*, 874 P.2d 415 (Colo.App.1993).

It was reversible error, therefore, to deny defendant the opportunity to question the victim about these issues in order to try to rebut the inferences created by the prosecution.

In addition, we agree with defendant that, had the victim denied any homosexual preference or orientation, this, too, would have opened the door for the defendant to have been permitted to impeach the victim with the proffered evidence of a prior homosexual encounter. *See People v. Valdez, supra*, at 419 (when defendant denied molesting his stepsister, he "opened the door to ... impeachment evidence" from the stepsister that it had happened).

Furthermore, concerning defendant's contention that the trial court erred in refusing to allow him to question an expert witness about the reactions and behavior of individuals in conflict with their sexual identity who have engaged in consensual activity, if, on remand, the prosecution presents evidence that the victim's behavior and demeanor was consistent with that of a victim of sexual assault, the defendant should be al-

lowed to show, through expert testimony, an alternative theory explaining the victim's behavior. *See* CRE 702; *People v. Hampton,* 746 P.2d 947, 952 (Colo.1987) ("jury should hear and consider in its search for the truth," expert testimony "that challenges or explains" assumptions regarding behavior of persons who have been sexually assaulted); *Hutchinson v. People,* 742 P.2d 875 (Colo. 1987) (an accused may need to call an expert to establish defense or to rebut a case based on the prosecution's evidence); *People v. Reynolds,* 194 Colo. 543, 575 P.2d 1286 (1978) (error to disallow defendant's expert evidence to rebut prosecution's untested theory).

## II.

Because on remand, only one count of sexual assault in the first degree remains, as defendant was acquitted of the second count of sexual assault, we need not consider defendant's second contention.

■ However, as to his third contention that the cumulative effect of the trial court's error infected his convictions of third degree assault and false imprisonment, we agree that the judgments of conviction cannot stand.

The charges of first degree sexual assault and third degree assault share the culpable mental state element of "knowing." Sections 18–3–204 and 18–3–402, C.R.S. (1986 Repl. Vol. 8B). Also, the first degree sexual assault and false imprisonment charges share the common issue of whether the victim consented to the various behaviors. Sections 18–3–303 and 18–3–401, C.R.S. (1986 Repl. Vol. 8B).

In the light of these instances of the interrelatedness of the evidence and issues as to the three charges, we conclude that on remand, all three charges should be re-tried.

Accordingly, the judgments of conviction as to the three remaining charges are reversed, and the cause is remanded for a new trial on the three charges.

METZGER and NEY, JJ., concur.