In re the MARRIAGE OF Paula
M. MARTIN, Appellant,

and

Patric Houghton, Appellee.

No. 95CA0028.

Colorado Court of Appeals,
Div. IV.

Dec. 7, 1995.

Anest, Rolfe & Baca, P.C., David S. Rolfe, Bradley M. Bittan, Parker, for Appellant.

John M. Prentiss, Jr., Littleton, for Appellee.

Opinion by Judge NEY.

In this post-decree matter, Paula M. Martin (wife) appeals from an order reducing the child support obligation of Patric Houghton (husband). We affirm.

The parties' ten-year marriage was dissolved in 1991. At that time, the trial court awarded wife custody of the two minor children of the marriage and ordered husband to pay $640 per month in child support.

In 1993, wife, who had since remarried, filed a motion to modify child support. The basis for wife's motion was that she had been placed on medical leave as a result of being pregnant and that her medical condition constituted a substantial and continuing change of circumstances under § 14–10–122, C.R.S. (1987 Repl.Vol. 6B).

After a series of continuances, on October 27, 1994, the trial court held a hearing on wife's motion. By that time, wife had already given birth to the child and was also requesting an adjustment in the calculation of her income for the child pursuant to § 14–10–115(7)(d.5)(I), C.R.S. (1995 Cum.Supp.) and a corresponding modification in child support.

During the hearing, it became evident that, because of the number of overnights the children were spending with husband, the parties should be calculating support under a shared custody formula, see § 14–10–115(14)(b), C.R.S. (1987 Repl.Vol. 6B) (Worksheet B), rather than a sole custody formula (Worksheet A). See § 14–10–115(14)(a), C.R.S. (1987 Repl.Vol. 6B).

At the conclusion of the hearing, the trial court found that wife had failed to demonstrate a substantial and continuing change of circumstances for the period during which she was on medical leave and, therefore, denied wife's motion to modify as to that period. Regarding wife's motion to modify support based upon the after-born child, the trial court asked the parties to submit briefs and financial affidavits and both counsel agreed to do so.

Upon receiving the parties' briefs and affidavits, the trial court, utilizing Worksheet B and adjusting wife's income for the after-born child, ordered that husband's child support obligation be reduced to $287.57 per month.

I.

■ Wife first contends that, by adjusting her income for the after-born child and also issuing an order lowering husband's child support obligation, the trial court violated the provisions of § 14–10–115(7)(d.5)(II), C.R.S. (1995 Cum.Supp.). We disagree.

Section 14–10–115(7)(d.5)(I) provides, in relevant part, that in a proceeding to modify a child support order, "if a parent is also legally responsible for the support of other children for whom the parents do not share joint responsibility, an adjustment shall be made revising such parent's income prior to calculating the basic child support obligation for the children who are the subject of the support order. . . ."

Section 14–10–115(7)(d.5)(II) provides that the adjustment for other children "shall not be made to the extent that the adjustment contributes to the calculation of a support order lower than a previously existing support order for the children who are the subject of the modification hearing at which an adjustment is sought." See In re Marriage of Oberg, 900 P.2d 1267 (Colo.App.1994); In re Marriage of Ansay, 839 P.2d 527 (Colo. App.1992).

Here, the prohibition contained in § 14–10–115(7)(d.5)(II) is not implicated because the decrease in husband's child support obligation was entirely unrelated to the income adjustment given to wife for her after-born child. Rather, the reduction was due solely to the switch to a shared custody child support calculation and a decrease in wife's work-related child care expenses. Indeed, by our calculations, the effect of applying the adjustment to wife's income pursuant to § 14–10–115(7)(d.5)(I) was to increase father's monthly support obligation by more than $50. Thus, because the adjustment to wife's income did not "contribute" to the calculation of a support order lower than the

previous order, the trial court did not violate the provisions of § 14–10–115(7)(d.5)(II).

## II.

 We also disagree with wife's contention that the trial court lacked authority to recalculate child support utilizing Worksheet B rather than Worksheet A.

Initially, we note that wife did not address this matter in her opening brief but, instead, raised it for the first time in her reply brief. Under such circumstances, we need not address the issue. *See People in Interest of J.L.P.,* 870 P.2d 1252 (Colo.App.1994). But, in any event, we can discern no legal or practical reason why the trial court, once it obtained jurisdiction to modify child support pursuant to wife's motion, would have been prohibited from utilizing the proper formula to calculate such support, particularly when that formula was part of the same statute under which wife filed her motion to modify.

## III.

Wife next contends that the trial court improperly denied her the opportunity to cross-examine husband regarding his level of income. Again, we disagree.

Parties to a civil proceeding have a limited constitutional right to cross-examine adverse witnesses. *See People v. District Court,* 719 P.2d 722 (Colo.1986). However, as with other rights, the right to cross-examine a witness may be waived. *See Glass v. Shalala,* 43 F.3d 1392 (10th Cir.1994). Waiver is the voluntary relinquishment of a known right or privilege. *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984). The waiver of a right by counsel binds the client. *See Peirce v. People,* 158 Colo. 81, 404 P.2d 843 (1965).

At approximately 4:45 p.m. on the day of the hearing, the following exchange took place between the trial court and counsel for wife:

THE COURT: Here is the way I would like to proceed. You can tell me if either has an objection. Since we are not going to be able to finish today, I will accept [husband's counsel's] offer of proof about what his client would testify to in terms of his income and in terms of his pay raise ... what I would like to do is have you both file simultaneous briefs ... closing arguments, addressing any legal issue you think is material ... together with your versions of Worksheet B[ ]s. Based on those briefs and those worksheets I will make a ruling. *Any objection to that procedure [wife's counsel]?*

[Wife's counsel]: *No, Your Honor.* (emphasis added) Moments after the above exchange, wife's counsel actually expressed a concern about being unable to cross-examine husband regarding his income under the proposed procedure but, nevertheless, agreed to proceed.

In our view, the acquiescence of wife's counsel to the above procedure constituted a knowing and voluntary waiver of wife's right to cross-examine husband regarding his income. *See Glass v. Shalala, supra.*

The order is affirmed.

TAUBMAN and KAPELKE, JJ., concur.