**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Randall Lee LESKE, Defendant–
Appellant.**

**No. 94CA2120.**

Colorado Court of Appeals,
Div. II.

Aug. 8, 1996.

Rehearing Denied Sept. 12, 1996.

Certiorari Granted May 19, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Randall Lee Leske, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of sexual assault on a child, one count of sexual assault on a child by a person in a position of trust, and one count of aggravated incest. Defendant also appeals as an abuse of discretion the concurrent sentences of sixteen, twenty-two, and twenty-eight years imposed upon the three convictions respectively. We vacate defendant's conviction and sentence for sexual assault on a child and affirm the

remaining convictions and sentences in all respects.

The prosecution's evidence at trial established that defendant sexually abused his four-year-old daughter. The victim reported the sexual abuse to her mother, defendant's wife, and a resulting medical examination tended to corroborate the report.

When confronted by his wife, defendant admitted committing the abuse and stated that he needed help. When interviewed by police, defendant admitted in writing that he had committed the charged offense for purposes of relieving "sexual stress."

## I.

Defendant first argues that his constitutional right of confrontation was violated by denial of his right to cross-examine the victim. We disagree.

■ A criminal defendant's right to cross-examine witnesses is fundamental and is secured by the constitutional right of confrontation. *Merritt v. People,* 842 P.2d 162 (Colo. 1992). However, as with other rights, the right to cross-examine a witness may be waived. *In re Marriage of Martin,* 910 P.2d 83 (Colo.App.1995).

■ At the outset, we note that the record here reflects that the prosecutor called the victim as a witness and that she gave both "affirmative" and "negative" non-verbal answers to many of the prosecutor's questions. She supplied verbal responses to a few other questions.

The prosecutor's examination elicited the victim's knowledge about herself, her understanding of telling the truth and lying, and her ability to identify body parts. She also confirmed that she had told her mother someone had hurt her. The victim then stated she was not going to talk further.

At that point, the prosecutor informed the court she had no further questions. The court then asked both parties whether the witness could be excused. Defendant did not respond. The prosecutor agreed and called her next witness.

Under these circumstances, we conclude that defendant waived his right to cross-examine the victim. While it is impossible for us to discern from the record whether defendant indicated some type of non-verbal assent to releasing the child as a witness, it is clear that, at a minimum, defendant did not in any way object to foregoing cross-examination. He did not object to the court's suggestion that the child be excused, did not ask that the child's testimony be stricken, and did not ask that the court declare the victim incompetent to testify. Nor did he attempt to call the child as a witness for the defense.

■ Significantly, the child's testimony was very limited in scope and the other evidence of defendant's guilt was quite compelling. Hence, whether viewed as a waiver of cross-examination or as a failure to object to the release of a witness prior to cross-examination, defendant has failed to establish plain error in either case. *See* Crim. P. 52(b) (under the plain error standard reversal is required only if, after reviewing the record, it may be said with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction). *Cf. Commonwealth v. Kirouac,* 405 Mass. 557, 542 N.E.2d 270 (1989) (although it was reversible error not to grant defendant's motion for a mistrial where the child-witness completely refused to continue testifying after providing crucial testimony on direct examination accusing defendant of sexual assaults, trial court could have cured error by striking testimony and declaring child incompetent to testify).

## II.

■ Defendant next argues that the trial court erred in admitting the hearsay statements of the victim describing her nightmares. We perceive no reversible error.

During the testimony of the victim's mother, the prosecutor asked whether the child had been experiencing any sleep disturbances since the abuse occurred. The mother indicated that the child had been experiencing nightmares. When the prosecutor asked the mother to describe the substance of the nightmares, defendant objected on the

ground that such testimony was hearsay and had not been ruled admissible in the pre-trial hearing on the admissibility of child hearsay testimony. The court overruled defendant's objection conditioned upon the prosecutor's offer to lead the witness and avoid "specific testimony."

The prosecutor then asked the mother whether the child "in fact, had some nightmares and woke up and complained about her father having touched her." The mother confirmed that she had. The prosecutor then asked: "[H]as she complained after she's woken up that the daddy (sic) pulled down her pants and pinched her between her legs and that was very painful?" Again, the mother answered affirmatively.

For purposes of analysis only, we will accept defendant's contention that admission of hearsay testimony regarding the substance of the victim's nightmares was error. Nevertheless, the ruling can only rise to the level of reversible error if it substantially influenced the verdict or affected the fairness of the trial proceedings. *People v. Gaffney,* 769 P.2d 1081 (Colo.1989); *People v. Raibon,* 843 P.2d 46 (Colo.App.1992).

If a reviewing court can say with fair assurance that, in light of the entire record of the trial, the alleged error did not substantially influence the verdict or impair the fairness of the trial, the error may properly be deemed harmless. *People v. Bowers,* 801 P.2d 511 (Colo.1990); *see also* C.A.R. 35(e) (appellate court shall disregard any error not affecting the substantial rights of the parties); Crim. P. 52(a) (same).

In this case, a review of the record reveals that the line of inquiry regarding the child's nightmares was ambiguous. It is not at all clear whether the testimony describes the substance of the child's nightmares or the child's description of the actual abuse given by the child immediately after waking from a related nightmare. To the extent that it could be understood as the former, the prejudice to defendant was minimal because the prosecution properly introduced numerous other hearsay statements of the victim which were entirely unrelated to the nightmares. Moreover, defendant's confes-

sion and the results of the physical examination of the victim together constituted overwhelming evidence of defendant's guilt. Hence, we conclude that the error, if any, was harmless.

### III.

Defendant argues that sexual assault on a child is a lesser-included offense of sexual assault on a child by one in a position of trust such that his convictions for these two offenses must be merged. We agree.

Section 18–1–408(1), C.R.S. (1986 Repl.Vol. 8B) authorizes prosecution for multiple offenses arising out of the same conduct, but expressly prohibits multiple convictions when one offense is a lesser included of the other. For purposes of this statutory prohibition of multiple convictions, an offense is lesser included when "it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged." Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B).

Sexual assault on a child by one in a position of trust is defined as follows:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

(2) Sexual assault on a child by one in a position of trust is a class 3 felony if the victim is less than fifteen years of age and is a class 4 felony if the victim is fifteen years of age or older but less than eighteen years of age.

Section 18–3–405.3, C.R.S. (1995 Cum.Supp.).

Sexual assault on a child as a class four felony is defined as follows:

Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and

the actor is at least four years older than the victim.

Section 18–3–405, C.R.S. (1986 Repl.Vol. 8B).

The People contend that sexual assault on a child is not a lesser-included offense of sexual assault on a child by one in a position of trust because the former, unlike the latter, requires proof that the actor was at least four years older than the victim. We reject this contention.

We recognize that the language of the statute contains the additional element of a four-year age disparity between the victim and the actor. However, the statute pertains only to victims less than fifteen years of age. Thus, even in a case involving the oldest possible victim, a fourteen-year-old, the prosecution would only be required to prove that the defendant was at least eighteen years old. Of course, a person under the age of eighteen is a child and cannot be prosecuted in district court as an adult unless the charges are transferred from juvenile court or direct-filed pursuant to statute. *See* §§ 19–1–103(3), 19–2–102, 19–2–805, & 19–2–806, C.R.S. (1995 Cum.Supp.). Therefore, for purposes of adult felony prosecutions, the age disparity element of the child sexual assault statute merely makes explicit what is jurisdictionally implicit in the requirements for prosecution under the statute criminalizing sexual assault by one in a position of trust.

We conclude that if, as here, the defendant is an adult (eighteen years of age or older), a conviction for child sexual assault by one in a position of trust as a class three felony under § 18–3–405.3 necessarily encompasses the lesser-included offense of sexual assault on a child under § 18–3–405.

This conclusion is not inconsistent with the ruling in *People v. Valdez*, 874 P.2d 415 (Colo.App.1993). In *Valdez*, the defendant was convicted of sexual assault on a child by one in a position of trust and sexual assault on a child as part of a pattern of sexual abuse as defined in § 18–3–405(2)(d), C.R.S. (1995 Cum.Supp.). The court distinguished the two convictions on the basis that the former offense required proof of an additional element, *i.e.*, that the defendant had committed an additional incident of abuse which oc-

curred within ten years of the charged offense. Notably, in concluding that merger of the convictions was therefore not required, the court in *Valdez* did not rely on the age disparity element of the child sexual assault statute.

Accordingly, application of the doctrine of merger to defendant's convictions requires that his conviction and sentence for sexual assault on a child be vacated.

## IV.

Defendant also appeals the sentences imposed, maintaining that the sentencing court abused its discretion. We perceive no abuse of discretion.

In light of our order vacating defendant's conviction and sentence for sexual assault on a child, the remaining concurrent prison sentences at issue are the twenty-two year aggravated range sentence for sexual assault on a child by a person in a position of trust and the twenty-eight year aggravated range sentence entered on the conviction for aggravated incest (the presumptive range sentence for each of these class three felonies was four to sixteen years imprisonment).

■ Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. *People v. Fuller*, 791 P.2d 702 (Colo.1990). Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo.1984).

■ In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. The court may not place undue emphasis on any one of these factors to the exclusion of the others. *People v. Piro*, 701 P.2d 878 (Colo.App.1985).

A trial court may impose a sentence outside the applicable presumptive range only if,

based on evidence in the record of the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. Section 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B); *see also People v. Walker*, 724 P.2d 666 (Colo.1986).

When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. Section 18–1–105(7), C.R.S. (1986 Repl.Vol. 8B); *see also People v. Vela*, 716 P.2d 150 (Colo. App.1985). In addition, there must be sufficient facts in the record to support the trial court's findings. *People v. Walters*, 632 P.2d 566 (Colo.1981).

The circumstances of the crime alone may justify the imposition of a lengthy sentence. *People v. Vigil*, 718 P.2d 496 (Colo.1986). Moreover, the fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *People v. Hernandez–Luis*, 879 P.2d 429 (Colo.App.1994).

Defendant argues that, in imposing aggravated range sentences, the sentencing court was improperly influenced by the ability of the victim's mother to articulate in detail the impact of defendant's acts. In addition, defendant asserts that the court inappropriately considered defendant's refusal to admit guilt at sentencing. The record does not support these contentions.

The sentencing court made specific findings in aggravation based on the "devastation this has caused on the family and [defendant's] outrageous denial of responsibility and attempt to shift blame to [his ex-wife]." The record confirms that the impact of defendant's conduct was extraordinary because his ex-wife, the mother of the victim, was herself an incest survivor. In addition, the victim manifested severe behavioral abnormalities such as mimicking sexual behavior with other children. Although defendant maintains that these effects were unexceptional and should have been viewed as expected consequences of the charged crimes, he presented no evidence in support of that assertion to the sentencing court.

Furthermore, defendant's attempt to shift blame to his ex-wife was an aggravating circumstance that went far beyond a mere refusal to accept responsibility. The record amply supports the sentencing court's finding that, under the circumstances, it was preposterous for defendant to accuse his ex-wife of perpetrating the abuse.

The judgment of conviction for sexual assault on a child is vacated. The sentence for that conviction is likewise vacated. The remaining judgments of conviction and sentences are affirmed in all respects.

STERNBERG, C.J., and NEY, J., concur.