## PAUL v. LUTTRELL.

PRACTICE — *proceedings when judgment is reversed and cause is remanded.* When the judgment of a district court is reversed in this court, and the cause is remanded for a new trial, the jurisdiction of the district court is restored, and the parties are bound to attend and proceed to trial whenever required by that court.

In such case it is not essential that the plaintiff should proceed at the first term after the judgment is reversed.

Nor that he should file the precept or mandate of this court before proceeding in the district court.

Nor that he should give notice to his adversary of his intention to docket the cause in the district court.

### *Upon motion for supersedeas.*

LUTTRELL brought replevin against Paul in the Jefferson district court, and upon the writ of replevin the property was taken by the sheriff and delivered to him. At the last term of this court a judgment theretofore given in the

district court was reversed, and the cause was remanded for a new trial.

At the October term, 1871, of the district court, a jury was called, and upon their verdict judgment was given for the plaintiff Luttrell, that he have the property, and damages for the detention thereof were adjudged to him, and a *retorno habendo* was awarded.

Upon this trial, as appeared by the record, no one appeared for the defendant; it further appeared, that no transcript of the order of this court, whereby the cause was remanded, was at any time filed in the district court.

Paul now moved for a supersedeas, assigning for error, among other things:

1. That after reversal in the supreme court of the former judgment, the district court proceeded to a new trial of the issues, and gave judgment thereon, although no precept or mandate had been issued out of the supreme court directing the said district court to proceed further.

2. That, after judgment of reversal in the supreme court of the former judgment given in the district court, the cause was not docketed in the district court until the second term succeeding, and then without notice to the defendant.

3. That, by the judgment of the district court, the defendant was required to return to the plaintiff the goods and chattels which were already in plaintiff's possession.

Per CURIAM. Your motion must be denied. When the former judgment of the district court was reversed, the defendant still remained in court, and was bound to attend and proceed to trial whenever required by the district court. He was not entitled to notice from the plaintiff of his purpose to docket the cause or proceed to trial.

That the plaintiff failed to have the cause docketed, or to file the mandate of this court in the court below at the first term after judgment of reversal, is nothing; the cause was, nevertheless, pending there, and if the defendant desired any step taken at that time he might have procured the mandate himself, or he might have proceeded as the plain-

tiff did, finally, without the mandate. The jurisdiction of the district court over the cause was restored as soon as judgment was given in this court. The mandate was but evidence of that jurisdiction; and, though there are prudential reasons, perhaps, why transcript of the final orders of this court, where causes are remanded, should be filed in the court below before either party is allowed to proceed, yet it is not error to proceed without it, for the question is altogether one of jurisdiction, and if the transcript should be filed at any time hereafter, as it may be, it will afford con-clusive evidence that, at the time when the district court gave the judgment now complained of, it had jurisdiction to do so.

The award of the writ of *retorno* appears to us to be irregular, and if the plaintiff in error proceeds with his writ of error he may probably have that order vacated, but, in the mean time, the defendant in error must be at liberty to take execution for his damages.

*Motion denied.*