[No. 4748.]

## GRUNDEL ET AL. v. THE PEOPLE.

1. **Practice in Criminal Cases—Sentence—Indefinite Postponement.**

    In the absence of a permissive statute, the indefinite postponement of sentence upon one convicted of crime deprives the court of jurisdiction to pronounce sentence at a subsequent term, and operates to discharge the prisoner.

2. **Same.**

    Where defendants convicted of crime were not sentenced, but were released upon their own recognizance until the district attorney should move for sentence, and three years expired before the district attorney moved for sentence, it was equivalent to an indefinite postponement of sentence and operated to discharge the defendants.

*Error to the District Court of Lake County:*
*Hon. Frank W. Owers, Judge.*

In June, 1900, an information was filed against plaintiffs in error, charging them with the crime of gambling. Thereafter, at the same term, they pleaded guilty, and at their request, sentence was deferred until the first day of the August term succeeding; and they were released on their own recognizance until that date. At the August term, the record recites, in substance, that they appeared, and upon their motion and request, further proceedings were stayed upon payment of costs until the district attorney moved for sentence, and their recognizance continued. No further steps were taken in the case until November 16, 1903, at which time the district attorney moved for sentence. Defendants objected, upon the ground that the court was without jurisdiction to pronounce judgment. This motion was overruled. Such proceedings were then had, that defendants were sentenced to a term of imprisonment in the county jail, and to pay a fine. They bring the case here for review on error.

Mr. John A. Ewing, Mr. Charles Cavender and Mr. Francis E. Bouck, for plaintiffs in error.

Mr. N. C. Miller, attorney general, and Mr. I. B. Melville, for the people.

Chief Justice Gabbert delivered the opinion of the court.

In the absence of a permissive statute, the indefinite postponement of sentence upon one convicted of crime deprives the court of jurisdiction to pronounce sentence at a subsequent term. Such postponement is, in effect, a discharge of the prisoner, and therefore ousts the court after the expiration of the term of further authority over him.—*People v. Allen,* 155 Ill. 61; *Commonwealth v. Maloney,* 145 Mass. 205; 25 Enc. Law (2d ed.), 314; *In re Flint* (Utah), 71 Pac. 531; *Weaver v. People,* 33 Mich. 296; *People v. Barrett,* 202 Ill. 287; *U. S. v. Wilson,* 46 Fed. 748.

By the order entered at the August term, no definite time was fixed within which sentence should be pronounced. The defendants were released upon their own recognizance. Whether or not they would ever be called to the bar for sentence was contingent upon the action of the prosecuting officer. Three years and three months elapsed before such action was taken. This delay, unexplained, in connection with the order under which they were released, was equivalent to an indefinite postponement of sentence. There is no statute which permits this practice, and hence, the court was without jurisdiction to pronounce judgment against them.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the proceedings against the defendants.

*Reversed and remanded.*