547 P.2d 943 (1975)
PET INCORPORATED, Petitioner,
v.
The Honorable Charles GOLDBERG, one of the Judges of the Second Judicial District, and the District Court of the Second Judicial District, Respondents.
No. 75-629.
Colorado Court of Appeals, Div. I.
December 26, 1975.
Rehearing Denied January 22, 1976.
Certiorari Denied March 29, 1976.
Robert Bugdanowitz, Craig A. Murdock, Denver, for petitioner.
Rodden & Marshall, Robert R. Marshall, Jr., Denver, for respondents.
Selected for Official Publication.
ENOCH, Judge.
The Supreme Court transferred to this court for consideration under § 13-4-102 (3), C.R.S.1973, a petition for original writ filed by Pet Incorporated. The petition *944 seeks relief from the trial court's interpretation of our mandate issued in December 1974 in Segelke v. Pet, Inc., Colo.App., 528 P.2d 929.
The mandate provided:
"THIS CAUSE came on to be heard on the record on appeal from the District Court of the City and County of Denver, and was argued by counsel, on consideration whereof, it is ordered that the judgment of said Court is reversed and cause remanded with directions to reinstate the jury verdict and enter judgment thereon in the amount of Forty One Thousand Two Hundred Twelve ($41,212.26) and 26/100, together with interest thereon, pursuant to statute, from October 9, 1974, being fourteen (14) days after the filing of the opinion of this Court."
Pursuant to the mandate, the district court entered judgment in favor of Segelke and against Pet in the amount stated in the mandate, which sum, plus interest from November 9, 1974, has been paid to Segelke according to a stipulation. Segelke then filed a motion for Assessment of Interest and Costs. After the matter was argued, the district court entered judgment for Segelke for interest from November 9, 1972, the date of return of the jury verdict, to October 9, 1974, the date referred to in the mandate of this Court.
On this petition, Pet, Inc., now argues that the district court was without jurisdiction to enter an amount of interest different from that ordered by the mandate. Though agreeing that after an appellate court announces its decision and issues its mandate, the trial court is automatically reinvested with jurisdiction, Paul v. Luttrell, 1 Colo. 491, it contends that the award of interest is controlled by C.A.R. 37, and that, accordingly, in this case no additional interest could be awarded. We agree and thus set aside the additional interest granted by the district court.
C.A.R. 37 states in pertinent part:
"If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest."
Federal Appellate Rule 37 is identical to the Colorado rule. The federal rule is based on Briggs v. Pennsylvania R.R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403. In Briggs, the district court had granted defendant's motion to dismiss after a jury verdict for plaintiff, for $42,500 had been returned. The plaintiff appealed and the Second Circuit Court of Appeals reversed and by its mandate directed the entry of judgment on the verdict. The mandate was silent concerning interest. The district court entered judgment on the verdict in the amount of $42,500, but added interest from the date the verdict was rendered until the date judgment was entered on remand. The Second Circuit modified the judgment so as to exclude any interest. On certiorari this judgment of the court of appeals excluding interest was affirmed. The United States Supreme Court stated that an inferior court has no power or authority to deviate from the mandate of an appellate court. It stated:
"It is clear that the interest was in excess of the terms of the mandate and hence was wrongly included in the District Court's judgment and rightly stricken out by the Circuit Court of Appeals. The latter court's mandate made no provision for such interest and the trial court had no power to enter judgment for an amount different than directed."
Federal Appellate Rule 37 makes it mandatory for the appellate court to consider the issue of interest and to include such instructions as may be appropriate See U. S. v. American Oil Co., 419 F.2d 1321 (5th Cir.).
Therefore, in accordance with the principles stated in Briggs, we hold that while § 5-12-102, C.R.S.1973, states the *945 circumstances wherein interest shall be allowed to a creditor or on a judgment, C.A.R. 37 requires and empowers the appellate court to make the determination of interest to be allowed, if any, and to include instructions concerning the entry of such interest in its mandate when a judgment is modified or reversed with directions for entry of a money judgment. Furthermore, the appellate court's authority to determine interest is exclusive. While the appellate court may, of course, remand to the trial court for a determination of the proper statutory interest, the trial court, without such an instruction, lacks jurisdiction to enter any amount of interest not stated in the mandate.
Additionally, Briggs, supra, makes it clear that the proper method of attacking an appellate court's instructions as to interest is to petition for amendment or recall of the mandate. Such a procedure is available in Colorado. See Grimes v. Barndollar, 58 Colo. 421, 148 P. 256. No such petition was filed in this case.
Hence, as was stated in Briggs:
"Plaintiff has at no time moved to amend the mandate which is the basis of the judgment. That it made no provision for interest was apparent on its face. Plaintiff accepted its advantages and brings her case to this Court, not on the proposition that amendment of the mandate has been improperly refused, but on the ground that the mandate should be disregarded. Such a position cannot be sustained."
Consequently, we further hold that once a mandate has issued, the correct method of attacking the instructions with respect to the allowance of interest is to petition for a recall or amendment of the mandate within a reasonable time after the mandate has issued.
In the present case, this court made a determination and included instructions in its mandate concerning interest, and no petition to amend or recall that mandate was filed or granted. Thus, since it was beyond the jurisdiction of the trial court to vary or modify the terms of that mandate, See Britton v. Dowell, Inc., 243 F.2d 434 (10th Cir.), the trial court's judgment for interest which exceeds that directed by the mandate is void.
The relief sought in the petition is granted; judgment awarding interest from November 9, 1972, to October 9, 1974, is set aside.
Rule made absolute.
SILVERSTEIN, C. J., and COYTE, J., concur.