**No. 27355**

**The People of the State of Colorado v. Elias Medina**

(564 P.2d 119)

Decided May 16, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for plaintiff-appellee.

O. John Kuenhold, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Medina was charged with attempted rape,[1] burglary,[2] and being an habitual criminal.[3] He entered a plea of not guilty to all charges and elected to be tried to the court. The trial court found defendant guilty of all charges and sentenced him to a term of not less than forty or more than fifty years in the state penitentiary. This is the minimum sentence

---

[1] Sections 18-2-101 and 18-3-401, C.R.S. 1973.
[2] Section 18-4-203, C.R.S. 1973.
[3] Section 16-13-101(1), C.R.S. 1973.

provided under the habitual criminal statute then in effect.[4] On this appeal, the defendant challenges only the sentence imposed. He does not claim any error with respect to the attempted rape and burglary convictions.

At the hearing on the defendant's motion to reduce sentence, he complained that the trial court had failed to advise him about the possibility of being sentenced under the "Colorado Sex Offenders Act of 1968," sections 16-13-201 *et seq.*, C.R.S. 1973, and asserted that the habitual criminal statute is unconstitutional. The trial court denied the motion to reduce sentence. We agree with that ruling and affirm the sentence imposed by the trial court.

## I.

The defendant raises two points about the Colorado Sex Offenders Act. He claims first that the trial court erroneously acted on the belief that it is applicable only to those offenders who plead guilty, and not to those who are convicted by court or jury after pleading not guilty. Secondly, defendant challenges the court's failure to advise him of the possibility of sentencing under the Act.

Obviously, the Act applies to those convicted by trial as well as by plea. Section 16-13-205 provides:
". . . within twenty days after the conviction of a sex offense, upon the motion of the district attorney, the defendant, or the court, the court shall commence proceedings under this part 2. . ."
Section 16-13-202 of the Act defines "conviction" as meaning "conviction after trial by court or jury, or acceptance of a plea of guilty." *Any defendant convicted* by a plea or trial by court or jury may request commencement of proceedings under the Act within twenty days following the conviction.

Based on our examination of the record, we do not agree that the trial court erroneously acted on the belief that the Act was applicable only to those who plead guilty. The trial court determined that the defendant waived his opportunity to invoke the provisions of the Colorado Sex Offenders Act by failing to request proceedings thereunder within twenty days following his conviction.

Section 16-13-204 of the Act imposes on trial courts a duty to advise those who plead guilty to a sex offense of the possible sentencing consequences under the Act. It is the defendant's argument that this requirement also should be imposed on the trial court when a defendant pleads not guilty and is convicted. This provision of the Act resembles

---

[4] We note that in 1976 (see Colo. Sess. Laws 1976, ch. 93 at 548) the legislature amended section 16-13-101(1). Medina was sentenced under section 16-13-101(1), C.R.S. 1973 which provided "for a term of not less than the longest term, nor more than three times the longest term prescribed upon a first conviction." The longest term prescribed for a first conviction of attempted rape is forty years. The 1976 amendment provides for a term of not less than twenty-five or more than fifty years, regardless of the penalties which attach to the felonies themselves.

Rule 11 of the Colorado Rules of Criminal Procedure and the *A.B.A., Standards of Criminal Justice Relating to Pleas of Guilty* § 1.4, in requiring that the trial court advise defendants *who plead guilty*, of the consequences of entering that plea, including the possible sentences which might be imposed. Defendants who plead not guilty and are represented by counsel are presumed to be advised about sentencing by their attorneys. No duty is imposed upon trial courts to advise those who plead not guilty of the sentencing alternatives. *See Specht v. People*, 156 Colo. 12, 396 P.2d 838 (1964).

■ There is no constitutional or statutory right to be sentenced under the Sex Offenders Act. *See People v. Lyons*, 185 Colo. 112, 521 P.2d 1265 (1974). In fact, imposition of an indeterminate sentence under the Act is totally within the discretion of the trial court. If timely requested, the court must *open* proceedings, but "[a]fter reviewing the reports of the psychiatrists and the probation officer, the court may terminate proceedings [under the Act] and proceed with sentencing as otherwise provided by law." Section 16-13-209, C.R.S. 1973. *See People v. Breazeale*, 190 Colo. 17, 544 P.2d 970 (1975); *People v. Lyons, supra.*

To summarize, the Colorado Sex Offenders Act may apply to anyone who is convicted of a sex offense. However, the trial court only has a duty to advise those who plead guilty to a sex offense of the possibility of sentencing under the Act. There was no error here in the trial court's failure to advise this defendant who pled not guilty, was represented by counsel, and was convicted.

II.

■ The defendant maintains the habitual criminal statute is unconstitutional. Its constitutionality has been previously upheld and is well-settled in this state. *See People v. Thomas*, 189 Colo. 490, 542 P.2d 387 (1975).

The judgment of the trial court is affirmed.

MR. JUSTICE CARRIGAN dissents.