The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Guy Crager SHARPLESS, Defendant-Appellant.

No. 79CA0474.

Colorado Court of Appeals, Div. I.

April 2, 1981.

Rehearing Denied April 30, 1981.

Certiorari Denied Oct. 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Martin, Brauchli & Jevons, E. Gregory Martin, Barre M. Sakol, Richard D. Irvin, Boulder, for defendant-appellant.

STERNBERG, Judge.

The defendant, Guy Crager Sharpless, appeals his convictions of first degree sexual assault and second degree kidnapping. We affirm.

## I.

■ First, Sharpless asserts that the trial court erred in permitting a separate conviction for kidnapping, pursuant to § 18–3–302, C.R.S. 1973 (1978 Repl. Vol. 8), contending that the kidnapping was "merely incidental" to the sexual assault charged under § 18–3–402, C.R.S. 1973 (1978 Repl. Vol. 8). However, where, as here, the evidence supports both second degree kidnapping and first degree sexual assault, the defendant may be convicted of the two separate offenses. *People v. Naranjo*, Colo., 612 P.2d 1099 (1980); *People v. Bridges*, Colo., 612 P.2d 1110 (1980). Consequently, there is no error.

## II.

■ Sharpless next contends that the trial court abused its discretion in not sentencing him to a psychiatric facility for treatment, rather than to the Colorado State Penitentiary, as § 16–13–201, C.R.S. 1973 (1978 Repl. Vol. 8) permits. He maintains that the trial court's decision was predicated on its dissatisfaction with the treatment offered at the Colorado State Hospital, rather than on the evidence before it. There was no error.

The decision to sentence pursuant to § 16–13–201, C.R.S. 1973 (1978 Repl. Vol. 8) is strictly discretionary with the trial court. After considering Sharpless' prior record, presentence report, and lengthy psychiatric tests, the trial court concluded that Sharpless, who had brutalized the victim, had demonstrated a reluctance to accept psychiatric treatment, and, on prior occasions, had been treated with less than satisfactory results, would not respond to treatment he would receive if he were to be committed to the Colorado State Hospital. Indeed, the fact that the trial court sentenced Sharpless' accomplice, who had actually committed the rape, to the hospital indicates that the trial court's decision was not based exclusively on his lack of confidence in the treatment program, but rather on its con-

cern that Sharpless was an individual who would not be rehabilitated prior to his release. Thus, we find no abuse of discretion.

## III.

Sharpless argues that a statement he made to a police officer prior to being placed under arrest should have been suppressed. Again, we disagree.

When the victim was released after the rape, she flagged down a police car and reported the crime. She gave a description of the defendant, his co-defendant, and their car which was, in turn, broadcast over police radio. The vehicle was seen by an officer and stopped. The officer told the occupants to place their hands on the dashboard, advising them that they were suspected of having committed a "sexual assault." A second officer arrived and told Sharpless he was under investigation for possible involvement in a crime. Sharpless asked "if that was the rape," and, when the second officer asked how he knew the nature of the crime, Sharpless stated that the first officer had told him. Thereupon, Sharpless was read his *Miranda* rights and placed under arrest. Sharpless maintains his question to the second officer was incriminating and should have been suppressed.

However, since Sharpless' inquiry was not made in response to express questioning, in order for it to be suppressed it must have been made in response to the functional equivalent of questioning, *i. e.*, to " 'words or actions (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.' " *People v. Lowe*, Colo., 616 P.2d 118 (1980). What transpired here does not meet this test. This statement was made in response to words normally attendant to arrest, and there is no indication here that the officer intended to elicit an incriminating response from Sharpless when he informed him that he was under investigation.

## IV.

The victim of the sexual assault testified at trial. Her testimony on certain details of the incident was inconsistent with statements she had made at earlier hearings. In an effort to bolster her credibility, a detective with extensive experience in the investigation of sexual assaults was called. Over Sharpless' objection that a proper foundation had not been laid, this detective stated that, in a sexual assault case, it is "common" for the victim to testify inconsistently. Because the detective was not qualified as an expert, the question before us is whether, as a lay witness, she could offer her own observation on the subject. We conclude that she could.

Where, as here, testimony is based on the witness' personal knowledge, that testimony is competent and the weight to be given to it is for the jury to decide. *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957). Thus, admission of the evidence was not error.

## V.

Relying on *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976), Sharpless asserts that pretrial publicity was so "pervasive, massive, and prejudicial" as to necessitate a change of venue. There is no showing that the publicity had an actual adverse effect upon the jury panel or portion thereof. In order for a change of venue to be warranted, pretrial publicity must be "so ubiquitous and vituperative that most jurors in a community could not ignore its influence." *See People v. McCrary, supra.* The trial court reviewed four newspaper articles published in the *Colorado Daily* and took into account one radio broadcast in determining that pretrial publicity was not so extensive as to give rise to the presumption that a fair trial was denied. Applying the standard set out in *People v. McCrary, supra*, we too have reviewed the material in the record and conclude that there was no abuse of discretion.

The other contentions of error are without merit.

Judgment affirmed.

COYTE and SMITH, JJ., concur.