The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David C. GOULD, Defendant–Appellant.

No. 91CA2012.

Colorado Court of Appeals,
Div. III.

Oct. 22, 1992.

Rehearing Denied Dec. 31, 1992.

* Sitting by Assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

D. Wayne Patton, Leadville, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, David C. Gould, appeals the eight-year sentence imposed following his guilty plea to second degree assault. We affirm.

Defendant pleaded guilty to second degree assault on July 12, 1990. At that time, he was on probation for a felony conviction in the State of Iowa. Later, he voluntarily returned to Iowa where he was arrested and incarcerated for probation violation on August 21, 1990, based on his guilty plea in this case. As a result, defendant failed to appear at the sentencing hearing set for October 5, 1990. Sentencing was, therefore, continued until the defendant could be returned to Colorado.

Defendant was released from the Iowa Department of Corrections on August 7, 1991, returned to Colorado, was appointed counsel, and his sentencing hearing was scheduled for October 18, 1991. However, on October 10, 1991, defendant filed a motion to dismiss the charge against him, claiming that the trial court lacked jurisdiction because a term of court had expired after he had entered his guilty plea and that the delay in his sentencing was unreasonable.

The trial court concluded that it had jurisdiction to sentence the defendant because there had been no indefinite continuance from term to term, and under the circumstances of this case, the delay in sentencing was not unreasonable. The court then sentenced the defendant to be incarcerated for eight years, awarding him credit for the time served in Iowa.

I.

Relying on *Grundel v. People*, 33 Colo. 191, 79 P. 1022 (1905), the defendant argues that the trial court lacked jurisdiction

because he was sentenced in a term of court other than the one in which he pleaded guilty. We disagree.

■ In passing upon this issue, the trial court concluded that the adoption of C.R.C.P. 121(a), which repealed all local rules as of April 1, 1988, had the effect of abolishing terms of court. And, the court relied upon this conclusion as one of its reasons for determining that *Grundel's* rationale is inapplicable to the sentencing procedure used here. While we agree with the court's ultimate conclusion, we do not accept its holding that there are no longer any terms of court.

Colo. Const. art. VI, § 12 specifically provides that "[t]he time of holding courts" shall be as provided by rule of court, "but at least one term of the district court shall be held annually in each county."

Likewise, § 13–5–101, C.R.S. (1987 Repl. Vol. 6A) provides that:

Terms of court shall be fixed by rules adopted by the district court in each district; except that at least one term of court shall be held each calendar year in each county within the district, at the county seat of such county.

Further, in seeming recognition of the present existence of terms of court, the supreme court, in C.R.C.P. 77(a), has provided that each term of court shall be "deemed open and continuous until the commencement of the next succeeding term."

■ As we read these constitutional, statutory, and rule provisions, they require the courts to establish terms of court. However, if such terms are not established by the court, there shall be one, annual term of court in each district.

Here, the evidence indicates that, prior to the adoption of C.R.C.P. 121(a), a local rule of the sentencing court had established two terms of court each year—one commencing on the first Monday in March, and the second commencing on the second Monday in September.

Even if we assume, arguendo, that that local rule was repealed by C.R.C.P. 121(a), nevertheless, the constitution still requires

that there be at least one term of court each year. And, we shall also assume, solely for purposes of the issue here presented, that that term commences on the first business day after January 1.

In either instance, therefore, whether the district court here had two terms as provided by its local rules, or only one, as required by constitution and statute, defendant pleaded guilty during one term of court, but was not sentenced until the following term. Nevertheless, we conclude that such sentencing was not improper.

In *Grundel v. People, supra,* the delay in sentencing was unexplained, was not initially caused by the defendants, and resulted in an indefinite postponement of sentencing. It was only after the passage of some three years after defendants entered their pleas that the prosecutor in *Grundel* attempted to have the court impose sentences upon them.

Such circumstances are not present here. Here, the reason for the delay in sentencing is obvious; it was defendant's absence from the state. Further, the postponement in sentencing was only until defendant could be returned to Colorado and appropriate pre-sentence investigations made. Accordingly, *Grundel* is inapplicable, and under these circumstances, the trial court did not lose any jurisdiction to sentence the defendant.

## II.

We also reject defendant's contention that the delay in sentencing was unreasonable under Crim.P. 32(b).

Absent a legally justifiable reason, sentence must be imposed without unreasonable delay. Crim.P. 32(b); *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981).

Here, there was a justifiable reason for the delay in sentencing the defendant. The defendant was absent from the state by virtue of his own conduct. Hence, defendant must accept the consequences of his own acts. *People v. Zapata,* 779 P.2d 1307 (Colo.1989).

Further, after requests by the defendant to be sentenced, the People started extradition proceedings. Under the circumstances of this case, the six-month delay from the commencement of extradition proceedings to defendant's return to Colorado is not unreasonable.

Upon arrival in Colorado, new counsel was appointed, a sentencing date was set without defendant's objection, the presentence report was prepared, and defendant's motion to dismiss was heard. This delay of two and one-half months after defendant was returned to Colorado was also not unreasonable.

Finally, the only prejudice the defendant complains of is the fact that the Iowa sentence and the Colorado sentence cannot now be served concurrently. However, at sentencing, the trial court granted defendant 453 days of presentence confinement credit based on his incarceration at the Iowa Department of Corrections. This, in effect, made the two sentences concurrent. *See People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974).

Sentence affirmed.

SMITH and ROTHENBERG, JJ., concur.