**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Quintin Keith WORTHAM, Defendant–Appellant.**

**No. 94CA0845.**

Colorado Court of Appeals, Div. IV.

April 4, 1996.

Rehearing Denied May 16, 1996.

Certiorari Denied Dec. 16, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Eric V. Field, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Clayton & Stone, L.L.C., April Bennett Stone, Boulder, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Quintin Keith Wortham, appeals the sentence imposed on him following remand from this court. We affirm.

After being convicted of sexual assault, attempted sexual assault, burglary, and theft, defendant moved the trial court to commence proceedings under the Colorado Sex Offenders Act of 1968, § 16–13–201, et seq., C.R.S. (1986 Repl.Vol. 8A)(the Act). The court denied this request and sentenced him to the Department of Corrections for 376 years.

A division of this court affirmed defendant's conviction, vacated his sentence, and remanded the cause "for consideration of sentencing under the Sex Offenders Act." See People v. Wortham, (Colo.App. No. 88CA0782, March 5, 1992)(not selected for official publication).

I.

Defendant contends that, on remand, the district court did not commence proceedings in accordance with the Act until January 4, 1994; that, by such time, the court had failed to follow statutory directives which expressly divest it of authority to enlarge the time in which prescribed actions must take place; and that, as a result, the district court lacked jurisdiction to resentence him at that point. We disagree.

Section 16–13–205, C.R.S. (1986 Repl.Vol. 8A) provides:

> Within twenty days after the conviction of a sex offense, upon the motion of the district attorney, the defendant, or the court, the court shall commence proceedings under this part 2 by ordering the district attorney to prepare a notice of the commencement of proceedings and to serve that notice upon the defendant personally.

As relevant here, the Act provides that, upon the commencement of proceedings, the court must commit the defendant for examination by two psychiatrists. Section 16–13–207(1), C.R.S. (1986 Repl.Vol. 8A). The psychiatrists are then required to file independent written reports

> with the court and the probation department *within sixty days after the commencement of proceedings, and this time may not be enlarged by the court.*

Section 16–13–207(3), C.R.S. (1986 Repl.Vol. 8A) (emphasis added).

Section 16–13–209, C.R.S. (1986 Repl. Vol.8A) addresses termination of proceedings:

> After reviewing the reports of the psychiatrists and the probation officer, the court may terminate proceedings under this part 2 and proceed with sentencing as otherwise provided by law.

Although the trial court appointed a single psychiatrist on September 15, 1992, to examine defendant, the psychiatrist's report was not received by the court until December 24, 1992, outside the sixty-day window allotted by § 16–13–207(3). On December 30, 1992, the trial court denied defendant's request to be sentenced under the Act.

On July 1, 1993, the trial court issued an order concluding that it had erred by failing to follow several of the procedural mandates contained in the Act. The court, however, rejected defendant's argument that it lacked jurisdiction to resentence him and, consequently, ordered the District Attorney to

prepare a notice of commencement of proceedings and to serve the notice on the defendant personally in open court at a time and date to be determined.

In August 1993, defendant moved *pro se* to dismiss. That same month he also filed, through counsel, a petition for relief under C.A.R. 21. The supreme court denied this petition in September 1993.

On January 4, 1994, the court held a hearing at which defendant was personally served with a copy of the July 6, 1993, notice of commencement, was advised both orally and in writing of his rights under the Act, and was committed to the Colorado Mental Health Institute in Pueblo, Colorado, for examination by two psychiatrists.

On March 10, 1994, after reviewing the evaluations of the two psychiatrists and the Denver Probation Department's report, the court terminated proceedings under the Act. On April 8, 1994, defendant was committed to the Department of Corrections for the same term of imprisonment originally imposed.

■ The primary purpose of the Act is to protect members of the public from proven dangerous sex offenders. *People v. White,* 656 P.2d 690 (Colo.1983). There is no constitutional or statutory right to be sentenced under the Act. *People v. Medina,* 193 Colo. 190, 564 P.2d 119 (1977). The decision to sentence under the Act is strictly discretionary with the trial court. *People v. Sharpless,* 635 P.2d 896 (Colo.App.1981). Thus, the provisions of the Act vest the trial court with discretion to commit a defendant under an alternate sentence. *People v. Breazeale,* 190 Colo. 17, 544 P.2d 970 (1975).

■ Statutes prescribing the time within which public officials are required to discharge public functions are regarded as directory, unless a contrary legislative intent is clearly expressed. *People ex rel. Johnson v. Earl,* 42 Colo. 238, 94 P. 294 (1908); *Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989).

■ Although they assert that these deadlines are for appointed experts and agency employees rather than the court, the People concede that the Act does contain mandatory language for the psychiatric and probation report deadlines. We agree that the language is framed in mandatory terms. We conclude that it clearly evinces an intent on the part of the General Assembly to limit a court's power to sentence under the Act.

■ Nevertheless, defendant's assertion to the contrary notwithstanding, outright dismissal is not required to remedy noncompliance with this mandatory provision. The Act does not provide for dismissal for late filing. Rather, failure to comply results merely in the loss of the trial court's authority to sentence under the Act on its own motion. *See People v. Medina, supra* (defendant waived his opportunity to invoke the provisions of the Colorado Sex Offender Act by failing to request proceedings thereunder within twenty days following his conviction); *Vanderhoof v. People,* 152 Colo. 147, 380 P.2d 903 (1963).

However, since the Act is but one of several options available to trial courts for the sentencing of convicted sex offenders, *Christensen v. People,* 869 P.2d 1256 (Colo.1994), a trial court may still employ any other alternative available to sentence a defendant on his substantive underlying offenses.

We hold that, because it failed to follow the mandate of this court and failed to meet certain deadlines contained in the statute, the trial court could not, on its own motion, sentence defendant under the Sex Offender's Act.

■ However, when a defendant requests such sentencing, as occurred in this case, he may not be prevented from receiving what he perceives as the benefits of sentencing under the Act because of the trial court's errors. *People v. Medina, supra* (trial court must open proceedings upon timely request of a defendant); *People v. Breazeale, supra* (same).

Here, despite the procedural deficiencies that occurred, we conclude that defendant ultimately received all benefits afforded under the Act. Hence, no reversible error occurred.

## II.

■ Defendant next contends that, pursuant to Crim. P. 35(a), the district court was

required to impose sentence upon him in a legal manner within 120 days after the issuance of this court's mandate, or otherwise lose jurisdiction to resentence him at all. We reject this contention.

Crim. P. 35(a) provides in pertinent part:

The court ... may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Crim. P. 35(b), in turn, provides:

The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. . . .

We find Crim. P. 35(a) and (b) inapposite to the matter at hand. This case does not involve a situation in which the trial court received a remittitur affirming defendant's sentence or dismissing his appeal. Nor does it involve circumstances in which an order or judgment was entered by an appellate court denying review or having the effect of upholding defendant's sentence.

■ When a trial court judgment is reversed and the cause remanded, the jurisdiction of the trial court over the cause is restored as soon as judgment is given by the appellate court. *Paul v. Luttrell*, 1 Colo. 491 (1872); *Pet, Inc. v. Goldberg*, 37 Colo.App. 257, 547 P.2d 943 (1975).

■ Thus, in the present case, the sentencing day began anew for defendant upon the issuance of this court's mandate. At that point, the district court was reinvested with jurisdiction to sentence defendant in accordance with this court's mandate, subject only to the requirement embodied in Crim. P. 32(b) that "[s]entence shall be imposed without unreasonable delay."

III.

Finally, defendant argues in his reply brief that, in light of due process guarantees and Crim P. 35(b), the unreasonable and inexcusable six-year delay between his conviction and legal sentencing caused by the mistakes of the trial court divested it of jurisdiction to sentence him and that, accordingly, his sentence must be vacated. We reject this argument.

■ Crim. P. 32(b) provides that sentence shall be imposed without unreasonable delay. The General Assembly, however, has not established any specific time period within which a sentence must be imposed. *Moody v. Corsentino*, 843 P.2d 1355 (Colo. 1993).

Defendant relies on *Grundel v. People*, 33 Colo. 191, 79 P. 1022 (1905)(three years and three months delay in sentencing) and *People ex rel. Gallagher v. District Court*, 632 P.2d 1009 (Colo.1981)(one-year deferral). In those cases, however, sentencing was postponed following conviction.

■ Here, sentence was promptly imposed following defendant's conviction in 1988. On defendant's appeal, the remand from this court in September 1992 required consideration of the provisions of the Act. Those provisions were considered and the alternative of sentencing under the Act was ultimately rejected. The original sentence was again imposed in April 1994, and it was defendant who invoked the discretionary procedure available under the Act. Accordingly, we do not equate defendant's situation with those at issue in *Grundel* and *Gallagher* and thus conclude that there was no unreasonable delay or loss of jurisdiction here.

The sentence is affirmed.

STERNBERG, C.J., and KAPELKE, J., concur.