**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Minh LUU, Defendant–Appellant.**

**No. 96CA0950.**

Colorado Court of Appeals, Division II.

May 28, 1998.

As Modified on Denial of Rehearing Sept. 24, 1998*.

Certiorari Denied Sept. 13, 1999.

\* Jones, J., would *GRANT*.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender,, Chief Appellate Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Minh Luu, appeals the sentence imposed by the trial court on remand. We affirm.

In December 1987, defendant was convicted of eight counts of criminal activity, including second degree kidnapping, aggravated robbery, first and second degree burglary, theft, conspiracy to commit aggravated robbery, and first degree burglary. Under the pertinent sentencing statutes, defendant's five convictions of kidnapping, robbery, and first degree burglary were subject to mandatory aggravated sentences as crimes of violence.

In February 1988, the trial court imposed aggravated sentences for each of the five crimes of violence and ordered that all five be served consecutively. The remaining sentences were ordered to be served concurrently, for a cumulative total sentence of 120 years.

On appeal, a division of this court affirmed defendant's conviction, but set aside his sentence and remanded the matter to the trial court to exercise its discretion, pursuant to *Robles v. People,* 811 P.2d 804 (Colo.1991), in regard to making more than two of the sentences consecutive. *See People v. Luu,* 813 P.2d 826 (Colo.App.1991). The effect of the remand was to subject defendant to a possible minimum sentence of 32 years and 2 days.

Following the supreme court's affirmance of defendant's conviction in *Luu v. People,* 841 P.2d 271 (Colo.1992), this court's mandate was issued in December 1992.

Following that remand, a new sentencing hearing was held in May 1993, at the end of which the court took the question of resentencing under advisement, but assured the parties that a new sentence would be imposed within the next day or so. For reasons not revealed by this record, however, the court took no action within the time promised. On the contrary, it was not until October 1995, almost 2 1/2 years after the hearing, that the court, by written order, finally imposed a new sentence upon defendant.

In the meantime, between the date that the hearing was held in May 1993 and the date of the written order in October 1995, defendant filed some four written requests for the trial court to act in accordance with this court's mandate, but the court made no response to any of these requests until it issued its written order. In addition, based upon the assertion that so much time had passed since the 1993 hearing that recollections had faded, in March 1994 defendant requested and was supplied the reporter's transcript of that hearing.

In its written order, the trial court resentenced defendant to the Department of Corrections for a cumulative term of 60 years, with 288 days presentence confinement credit, *nunc pro tunc* to February 18, 1988. The court reimposed the same respective terms of years as had originally been imposed on each of the eight counts, ordered that the sentences of 30 years for each of the two kidnapping counts be served consecutively, and ordered that sentences imposed for the remaining six counts, totaling 92 years, be

served concurrently with the kidnapping sentences. Hence, the effect of this resentencing was to reduce by about 50% the time that defendant will be required to serve.

However, again for reasons not revealed by the record, defendant did not receive notification of the entry of the October 1995 order until May 1996, when his counsel reviewed the court's minute orders to ascertain the status of his case. Shortly thereafter, defendant filed a notice of appeal, which was accepted as timely by this court.

## I.

■ Relying upon *Grundel v. People*, 33 Colo. 191, 79 P. 1022 (1905) and *People ex rel. Gallagher v. District Court*, 632 P.2d 1009 (Colo.1981), as well as numerous cases from other jurisdictions, defendant contends that the trial court lost jurisdiction to resentence him because of the inordinate delay between the resentencing hearing and the imposition of sentence by the court. We disagree.

Crim. P. 32(b) provides that a sentence must be imposed without unreasonable delay after conviction. However, the General Assembly has not established any specific period within which a sentence must be imposed. *Moody v. Corsentino*, 843 P.2d 1355 (Colo. 1993).

The cases cited by defendant also adopt no specific time table to be observed as reasonable; rather, in each instance the court determined the permissibility of the delay based upon the circumstances in the case before it, including those suggesting possible prejudice to the defendant. Moreover, each case involved a delay in the original imposition of sentence following conviction and, thus, is distinguishable from the situation here. *See Taylor v. State*, 233 Ind. 398, 120 N.E.2d 165 (1954); *State v. Davis*, 542 So.2d 856 (La.App.1989); *State v. Milson*, 458 So.2d 1037 (La.App.1984); *People v. Drake*, 61 N.Y.2d 359, 474 N.Y.S.2d 276, 462 N.E.2d 376 (1984); *State v. Degree*, 110 N.C.App. 638, 430 S.E.2d 491 (1993).

Persuasive upon this issue is *People v. Wortham*, 928 P.2d 771 (Colo.App.1996) in which it was held that a six-year delay before

resentencing on remand did not result in loss of jurisdiction. Although the *Wortham* court relied upon the defendant's action that contributed to the delay, it also emphasized that the defendant's original sentence had been imposed in a timely manner and that the original sentence was ultimately reimposed, with the result that no prejudice resulted to defendant from any delay.

The record here provides no reason for the delay in re-sentencing defendant in this case. Nevertheless, given all of the circumstances, including the timely imposition of defendant's original sentence, the substantial reduction of the original sentence upon resentencing, the consequent lack of prejudice resulting from the sentence imposed on remand, and the fact that all of the period of delay will be credited against the present sentence, a conclusion that the delay was so unreasonable as to deprive the court of jurisdiction would not be justified.

## II.

■ Defendant next contends that the trial court's delay in resentencing him deprived him of his constitutional right to speedy trial. We reject this contention.

In *Moody v. Corsentino, supra*, the supreme court determined that a criminal defendant's right to speedy trial under the federal and state constitutions extends though the sentencing phase of a prosecution. There, the defendant had suffered an eight-year delay between entry of his guilty plea and imposition of sentence.

In determining whether the defendant's constitutional right to a speedy trial had been violated, the *Moody* court balanced four factors: length of the delay, reasons for the delay, assertion of the right, and prejudice to the defendant.

We have previously noted that there was no apparent reason for the lengthy delay here, particularly in light of the numerous requests defendant made for court action. However, the absence of any showing that the delay was intentionally caused by the prosecution or that defendant was prejudiced thereby leads us to conclude that there was no violation of defendant's speedy trial right.

*See Moody v. Corsentino, supra* (lack of evidence that prosecution contributed to delay in imposition of sentence relevant to determination of speedy trial violation); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (right to speedy trial protects interests in: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired).

Defendant was not, at the time of the delay, suffering pretrial incarceration nor was he in danger of impairment of his defense at trial. And, because defendant could expect to serve a minimum of 32 years upon resentencing, his anxiety level could not have been exacerbated by the delay.

The trial court acted within the limited order of remand and the applicable sentencing guidelines by resentencing defendant to a term that was approximately one-half of his original sentence and which gave him credit for all time previously served. Defendant's right to appeal the sentence imposed upon remand remained intact, as do his opportunities to seek postconviction relief.

We do not address defendant's argument, raised for the first time in his reply brief, that he has been prejudiced by later changes in federal law. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

### III.

■ In the alternative, defendant contends that he was deprived of his right to be present at sentencing and is, thus, entitled to resentencing. We agree that the trial court deprived defendant of the right granted to him. We are convinced beyond a reasonable doubt, however, that, under the circumstances here, the trial court's action in making its resentencing decision that subject of a written order, rather than reconvening a hearing to announce that decision, was harmless.

■ Sentencing is a critical stage of a criminal proceeding. However, the constitutional right of a criminal defendant to be present at all critical stages of the prosecution is not absolute. Due process does not require the defendant's presence when his presence would be useless, or the benefit nebulous. *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972).

Subject to certain exceptions not applicable here, Crim. P. 43 mandates defendant's presence at the imposition of sentence. Further, we agree with defendant that adherence to this rule serves to advance the right of the accused to be informed directly of his sentence and to advance society's interest in the appearance of fairness.

However, defendant was present at both his sentencing and resentencing hearings, when the information relied upon by the court for its sentencing decision was presented. At each hearing, he made a statement to the court, cross-examined witnesses, and presented argument. And, defendant, raised no objection when at the completion of the resentencing hearing, the court reserved its decision upon resentencing and stated its intention to announce that decision at a later date. Indeed, he raised no question at any time in the trial court as to the propriety of that course of action.

Likewise, we also conclude beyond a reasonable doubt that defendant's absence at the time the court announced its decision, even considered in conjunction with the previous absence of his interpreter, *see Luu v. People,* 841 P.2d 271 (Colo.1992), was harmless. In no event could those absences have affected the result of the trial or of the resentencing decision. *Cf. People v. Emig, supra* (defendant's absence at resentencing resulted in denial of his right of allocution).

### IV.

■ Finally, defendant contends that the trial court abused its discretion by imposing a 60–year cumulative sentence without adopting any findings. We disagree.

■ Sentencing is a matter that rests within the trial court's discretion, and a sentence imposed within the statutorily defined range, as here, will not be overturned on appeal absent an abuse of that discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

While sentences for lengthy terms are to be reviewed with care, only in exceptional circumstances will the trial court's discretion be disturbed. *People v. Vigil*, 718 P.2d 496 (Colo.1986). Further, the circumstances of the crime alone may justify the imposition of a lengthy sentence. *See* § 18–1–105(9)(f), C.R.S.1997; *People v. Leske*, 937 P.2d 821 (Colo.App.1996) (cert. granted on other grounds May 19, 1997).

A sentencing court is required to state on the record the basic reasons for the imposition of sentence. The failure to do so creates a burdensome obstacle to effective and meaningful appellate review. *Cf. People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980) (appellate court affirmed defendant's sentence despite the lack of findings based upon its review of the record and its resultant determination that defendant's sentence was substantially justified).

The court's written order stated that its resentencing decision was based upon the testimony of witnesses, the submitted briefs, and the arguments of counsel. In addition, at the resentencing hearing, the trial court stated its intention to rely upon "the totality of the facts and circumstances that came out during the trial," thus incorporating the earlier proceedings.

Our review of the record, including the initial sentencing hearing, demonstrates that the court found the circumstances of the offense justified a sentence in excess of the minimum possible. Specifically, at the initial sentencing hearing, the court found aggravating that: (1) defendant's crimes involved the use of a deadly weapon; (2) defendant had abused the trust of his employer by assaulting and robbing the employer and his wife in their home; (3) defendant had committed his crime while under a deferred judgment and sentence for a previous felony offense; and (4) defendant had been unable to live in a lawful manner in society.

These findings are equally supported by the record of the resentencing hearing and indicate that the court properly considered the nature of the offense, the character of the offender, and the public interest in safety and deterrence. *See People v. Blizzard*, 852 P.2d 418 (Colo.1993).

Because the sentence is within the range prescribed by law, is based on appropriate considerations as indicated by the record, and is factually supported by the circumstances of the case, the trial court did not abuse its discretion. *See People v. Fuller, supra.*

The sentence is affirmed.

TAUBMAN, J., concurs.

JONES, Judge, dissenting.

I respectfully dissent.

In my view, the trial court's unexplained and unjustified delay of 28 months before imposing sentence after the sentencing hearing operated to deprive that court of jurisdiction.

It is axiomatic that sentencing must be consistent with legislatively imposed limits and constraints, and must be imposed without unreasonable delay. *People ex rel. Gallagher v. District Court*, 632 P.2d 1009 (Colo.1981); Crim. P. 32(b).

In *Grundel v. People*, 33 Colo. 191, 79 P. 1022 (1905), the supreme court held that a sentence imposed three years and three months after entry of a guilty plea was so late as to be outside of the court's jurisdiction to act in the case. And, while the *Grundel* court related its ruling to the expiration of the term of court in which the plea had been entered, it remains pertinent here by virtue of the statement: "[T]here is no statute which permits this practice [of sentencing an unreasonable length of time after entry of the guilty plea]." *Grundel v. People, supra*, 33 Colo. at 192, 79 P. at 1023.

Courts in Colorado and in other states have noted various lengths of delay in applying this rule of jurisdiction. *See People v. Widhalm*, 642 P.2d 498 (Colo.1982)(error for court to find violation of deferred judgment and fail to proceed without reasonable delay to sentencing); *People v. Ray*, 192 Colo. 391, 560 P.2d 74 (1977)(Pringle, J., dissenting)(without authorizing statute, court may not suspend imposition of sentence). *See also State v. Degree*, 110 N.C.App. 638, 430 S.E.2d 491 (1993)(court may lose jurisdiction

if it unreasonably delays imposition of sentence); *State v. Davis* 542 So.2d 856 (La.App. 1989)(three year, nine month delay unreasonable); *State v. Milson,* 458 So.2d 1037 (La. App.1984)(four year, 6 month delay without justification divested court of jurisdiction to sentence); *People v. Drake,* 61 N.Y.2d 359, 474 N.Y.S.2d 276, 462 N.E.2d 376 (1984)(39 months delay unreasonable and divests court of jurisdiction). *Cf. Moody v. Corsentino,* 843 P.2d 1355 (Colo.1993).

Unlike here, some of these cases involve delays in imposing the original sentence. However, here, upon the return of the mandate from this court to the trial court, in which the original sentence had been vacated, *see People v. Luu,* 813 P.2d 826 (Colo. App.1991), *aff'd on other grounds,* 841 P.2d 271 (Colo.1992), approximately 33 months prior to the sentencing, the court was required to sentence as though no original sentence had been imposed. The court could not re-impose the original sentence of 120 years, and had great discretion as to the sentence it could impose. Thus, this case is not entirely dissimilar from the cited cases.

Furthermore, while a defendant's own conduct may excuse delay that is otherwise unreasonable, *see Moody v. Corsentino, supra; People v. Moye,* 635 P.2d 194 (Colo.1981); *People v. Gould,* 844 P.2d 1273 (Colo.App. 1992) (delay in sentencing caused by defendant's voluntary return to Iowa to face another case), here, defendant did not in any way cause or contribute to the delay. Indeed, he took extraordinary measures to encourage the court to notify him of when it intended to impose the sentence.

Additionally, I view *People v. Wortham,* 928 P.2d 771 (Colo.App.1996), on which the People rely, as inapposite here. A division of this court determined that the delay in sentencing Wortham was caused by his direct appeal and by his invocation of certain sentencing procedures under the Colorado Sex Offenders Act. Under those circumstances, the *Wortham* division did "not equate [Wortham's] situation with those at issue in *Grundel* and *Gallagher,* [concluding] that there was no unreasonable delay or loss of jurisdiction [there]." *People v. Wortham, supra,* 928

P.2d at 775. Those same factors distinguish *Wortham* from this case.

Under the circumstances of this case, including the fact that defendant was not notified of the new sentence for seven months after it was finally imposed, I find that the length of the delay is presumptively prejudicial.

Thus, the length of the delay, the fact that none of it was attributable to defendant, and the fact that neither the court nor the prosecution could state any good cause therefor all lead me to conclude that the sentence should be vacated and the case dismissed. *See State v. Ellis,* 76 Wash.App. 391, 884 P.2d 1360 (1994)(charges dismissed after unreasonable delay of 23 months with no good cause and no fault attributable to defendant).