Gina (GiGi) BORYLA, Plaintiff–Appellant,

v.

Robert M. PASH, Defendant–Appellee.

No. 99CA2042.

Colorado Court of Appeals, Div. A.

Dec. 7, 2000.

and § 24–51–1105, C.R.S.2000.

Grimshaw & Harring, P.C., Lisa K. Mayer, William Brady, Denver, CO, for Plaintiff–Appellant.

Kennedy & Christopher, P.C., Elizabeth Starrs, John R. Mann, Denver, CO, for Defendant–Appellee.

Opinion by Judge CRISWELL. *

Plaintiff, Gina (GiGi) Boryla, appeals from the trial court's award of costs against defendant, Robert M. Pash. We affirm.

This case originated as a malpractice action against defendant resulting from a delay in diagnosing plaintiff's breast cancer. Plaintiff prevailed at trial and was awarded $220,000 by the jury.

Plaintiff then sought statutory costs as a prevailing party and actual costs based on an offer of settlement she had made to defendant. The trial court awarded plaintiff $7720 in statutory costs, but denied her request for actual costs on the basis that she had not made a valid offer of settlement.

Defendant appealed the jury verdict to this court, and plaintiff cross-appealed the trial court's calculation of prejudgment interest, its denial of actual costs, and the amount of statutory costs awarded. A division of this court reversed the jury verdict; thus, it did not address the issues raised by plaintiff on cross-appeal. See Boryla v. Pash, 937 P.2d 813 (Colo.App.1996).

The supreme court granted certiorari review, reversed the decision by this court, and reinstated the jury verdict. The cause was remanded to this court for consideration of the issues raised in the cross-appeal. See Boryla v. Pash, 960 P.2d 123 (Colo.1998).

Upon review, this court modified the award of prejudgment interest and reversed that part of the judgment denying an award of actual costs. The court remanded the cause to the trial court with directions to enter judgment for plaintiff for actual costs reasonably incurred and to reconsider its determination of plaintiff's bill of costs. In its opinion, this court directed the trial court to compute and award to plaintiff post-judgment interest pursuant to § 13–21–101(1), C.R.S.2000 (interest on amount awarded by jury or court as damages in personal injury case). See Boryla v. Pash, (Colo.App. No. 94CA1157, November 5, 1998) (not selected for official publication). However, the mandate thereafter issued to the trial court made no reference to the award of interest.

On remand, the trial court conducted a hearing on the outstanding issues. Thereafter, the court entered a written order awarding plaintiff $34,328.67 in additional costs, of which amount $3,356.66 apparently represented additional statutory costs under § 13–16–104, C.R.S.2000, and $30,972.01 represented actual costs under Colo. Sess. Laws 1990, ch. 100, § 13–17–202 at 852–53.

The order was entered on June 28, 1999, nunc pro tunc, May 14, 1999, the date of the hearing on costs. In its order, the court specifically rejected plaintiff's requests to make the order effective on April 22, 1994, the date of the original order on costs, and to award interest from that date. The court concluded that interest on a judgment for costs accrues only from the date that the costs are determined to be reasonable by the court and are actually awarded.

Plaintiff appeals from that order claiming that, when an original judgment for costs is directed by an appellate court to be increased, interest is awardable on the increased judgment from the date of the original judgment.

However, because we conclude that the trial court lacked jurisdiction to award the interest requested by plaintiff here, we need not address the question whether, in other appropriate circumstances, such an interest award would be proper.

C.A.R. 37 provides:

and § 24–51–1105, C.R.S.2000.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

If a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

As a division of this court noted in *Pet, Inc. v. Goldberg,* 37 Colo.App. 257, 547 P.2d 943 (1975), this rule is substantially identical to the comparable federal rule, which is based upon the decision in *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). In the *Briggs* case, the Supreme Court held that, if the mandate of an appellate court directing the entry of a money judgment does not also direct the trial court to enter interest on that judgment from some date prior to the entry of the mandated judgment, the trial court lacks jurisdiction to enter such an interest award.

The decision in *Pet, Inc. v. Goldberg, supra,* construed C.A.R. 37 consistent with the *Briggs* rule. It held that, if a mandate issues that fails to direct the trial court with respect to the award of interest, or even if it contains an erroneous direction upon the subject, a trial court lacks jurisdiction to grant an award of interest inconsistent with the appellate court's mandate. In such a case, the only way to invest the trial court with suitable jurisdiction is to file a request with the appellate court to amend its mandate.

Here, the mandate of this court remanded the cause to the trial court without any directions with respect to the award of interest, and no party to this litigation has requested that that mandate be amended.

Further, even if we were to conclude (which we do not) that the court's mandate and the division's opinion can be read together, the only mention of interest referred to interest on damages awarded pursuant to § 13–21–101(1), rather than to interest upon a new cost award. Interest upon a new cost award would be governed by § 5–12–102(4), C.R.S.2000, which deals with interest on judgments.

Given the foregoing circumstances, we conclude that the trial court lacked jurisdiction to enter an award of interest on the money judgment directed to be entered by the division's opinion.

The order is affirmed

Chief Judge HUME and Judge NEY concur.