**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

v.

**In the Interest of T.S.R., a Child, Appellant.**

**No. 91CA0987.**

Colorado Court of Appeals, Div. II.

July 2, 1992.

Rehearing Denied July 30, 1992.

Certiorari Denied Jan. 4, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for petitioner-appellee.

David F. Vela, Colorado State Public Defender, Norm Townsend, Deputy State Public Defender, Denver, for appellant.

Opinion by Judge HUME.

T.S.R. appeals the trial court order denying his motion to allow him 311 days credit for time spent in pre-adjudicatory detention against the period for which he was committed to the Department of Institutions. We affirm.

As a result of his shooting his stepfather in the back of the neck with a rifle, T.S.R. was taken into custody on February 4, 1990. A petition was filed on February 6, 1990, alleging that T.S.R. had engaged in conduct which would have constituted an attempt to commit first degree murder if committed by an adult, a sentence enhancement count alleging his use of a deadly weapon, and a third allegation that he was an aggravated juvenile offender.

A detention hearing was also held on February 6, 1990, which resulted in the trial court's finding that T.S.R.'s condition and circumstances constituted a danger to himself and to the public and an order directing that he be held in secure detention. T.S.R. does not challenge the propriety or the reasonableness of the duration of the secure detention order.

Subsequently, after the court heard and determined various pretrial motions, the parties reached a plea agreement pursuant to which T.S.R. pled guilty to two of the three counts in the delinquency petition. However, after accepting the pleas to attempted first degree murder and the violent offender count, the court discovered that an erroneous representation concerning available dispositional alternatives had prompted T.S.R.'s guilty pleas. Accordingly, on September 5, 1990, T.S.R.'s motion to withdraw his guilty pleas was granted by the trial court, and an adjudicatory jury trial on the charges contained in the original petition was reset for December 1990.

On December 12, 1990, a jury found T.S.R. guilty of the lesser included offense of first degree assault committed under a heat of passion and determined that he was not an aggravated or violent juvenile offender. He was thereafter adjudicated a delinquent offender pursuant to the verdict and committed to the Department of Institutions on January 9, 1991. Concluding that T.S.R. would benefit from a full two years of rehabilitative treatment, the trial court refused to award credit against the commitment for 311 days he had spent in secure pre-adjudicatory detention.

After his motion to reconsider the commitment was denied, T.S.R. filed a motion for "post-conviction" review of the commitment order, asserting that the court's denial of pre-adjudicatory credit violated his rights of due process, equal protection of the laws, and to be free from cruel and unusual punishment. He now appeals from the trial court's denial of the second "post-conviction" motion.

I.

T.S.R. first contends that because his two-year commitment, together with the

period of pretrial detention, exceeded the statutory maximum commitment allowable under § 19–2–704(3), C.R.S. (1991 Cum. Supp.), he has been subjected to multiple jeopardy and to cruel and unusual punishment. We disagree.

■ Initially, we note that T.S.R. failed to raise any issue as to multiple jeopardy in the trial court, and therefore, it is not properly before us on review. *See People v. Freeman,* 739 P.2d 856 (Colo.App.1987).

■ The state and federal constitutional provisions prohibiting cruel and unusual punishment deal exclusively with the criminal process and criminal punishments. *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984). *See also Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

While many of the basic constitutional protections traditionally conferred upon an accused in a criminal prosecution have been applied to juveniles in delinquency proceedings as a means of ensuring fundamental fairness to juvenile offenders, a delinquency proceeding is not a criminal prosecution. *People in Interest of M.C.,* 774 P.2d 857 (Colo.1989). Therefore, the prohibition against cruel and unusual punishment is not *per se* applicable thereto, but it may nevertheless be considered in assessing whether the child has been accorded fundamental fairness under the due process clause.

■ Our supreme court has expressly refused to recognize any constitutional right to presentence confinement credit against an adult criminal sentence. *People v. Nelson,* 182 Colo. 1, 510 P.2d 441 (1973). Hence, it follows that if a juvenile is entitled to pretrial detention credit, it must be authorized by statute.

■ The Colorado Children's Code is silent on the authority of juvenile courts to award pretrial detention credit. If the General Assembly had intended to mandate pretrial detention credit against juvenile commitments, we assume that it would have enacted a statute clearly expressing that intent, as it has done for adult criminal offenders. *See* § 16–11–306, C.R.S. (1991

Cum.Supp.). Since it did not, we presume that it intended to leave consideration of pretrial detention credit to the discretion of the trial court subject to an *ad hoc* assessment of the needs of the child and the interests of society.

■ Here, the trial court found that T.S.R. could not be returned to the custody of his mother, father, or sister and that he would benefit from a period of up to two years of rehabilitative treatment. Accordingly, it denied credit for time spent in pretrial detention as a means of providing care and guidance necessary to assist him in becoming a responsible and productive member of society.

We find nothing unfair or shocking to our conscience either in the trial court's imposition of a two-year commitment as provided by § 19–2–704(3) or in its refusal to grant credit for pre-dispositional detention. *See People v. O'Donnell,* 184 Colo. 104, 518 P.2d 945 (1974).

## II.

■ We reject T.S.R.'s contentions claiming violations of his rights to equal protection and due process insofar as they assert an unconstitutional application of the statutory scheme.

Here, we find ample support in the record for the court's commitment determination and no error in its refusal to grant credit not required under the juvenile code.

Moreover, we perceive no error in the trial court's application of the rational basis test in allocating the burden of proving the unconstitutionality of the statutory scheme. In *People in Interest of M.C., supra,* our supreme court expressly stated that while commitment of an adjudicated delinquent offender implicates a significant liberty interest, that interest is not so fundamental as to require the employment of a strict scrutiny analysis to resolve a challenge premised upon denial of equal protection of the laws.

## III.

■ We are without jurisdiction to address T.S.R.'s contentions insofar as they

involve claimed facial invalidity of the statutory juvenile commitment scheme. Section 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

To the extent that we have jurisdiction to determine the issues raised, the trial court's order denying the "post-conviction" motion is affirmed.

SMITH and NEY, JJ., concur.