The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ahmad HAGHSHENAS, Defendant– Appellant.

No. 00CA0436.

Colorado Court of Appeals, Div. I.

June 21, 2001.

Rehearing Denied July 19, 2001.

Ken Salazar, Attorney General, Nancy Bauer Egelhoff, Special Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Lucero and Associates, R. Antonio Lucero, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Ahmad Haghshenas, appeals the trial court's judgment forfeiting a cash bond in the amount of $85,000. We reverse and remand.

In 1998, defendant, a resident of California, was arrested in Colorado and charged with two controlled substance felonies. Defendant posted a $5,000 bond through a professional surety and was released. Defendant failed to appear in court and the trial court continued the bond.

In 1999, defendant again failed to appear in court, and the court set bond at $100,000, which defendant posted in cash. In executing the bond, defendant signed as principal and surety and also gave a surety's consent for the bond to be refunded to defendant. At defendant's request, the trial court later reduced the bond to $85,000, returned $15,000, and set defendant's trial date for August 30, 1999.

On August 11, 1999, defendant was arrested and incarcerated in California for a probation violation in that state. On August 27, 1999, California defense counsel sent a letter to the trial court and the prosecution notifying them of defendant's incarceration in California, that his next appearance there was

September 1, 1999, that he would be sentenced to the state prison for a period from sixteen to forty-eight months, and requested that the bond not be forfeited. Attached to the letter were copies of California court documents evidencing defendant's incarceration.

It is not disputed that defendant was incarcerated in California on August 30, 1999, that the incarceration was anticipated to exceed ninety days, and that defendant failed to appear for trial in Colorado. There is no indication in the record that Colorado attempted any extradition before, or after, commencing the forfeiture proceedings. The trial court then issued a warrant for defendant's arrest with bond set at $150,000. The court also served defendant with a notice of forfeiture and citation to show cause as to why the $85,000 bond should not be forfeited.

At a hearing on the bond forfeiture, defendant appeared through counsel and requested that the trial court "discharge the bond" because he was unable to appear on August 30, 1999, as he was incarcerated in California. The trial court requested and received briefs on this issue and forfeited the bond. Defendant filed a motion for exoneration and remission of the bond, which the court denied. Defendant eventually appeared on June 12, 2000, pled guilty to possession of a controlled substance, and was sentenced to one year in the Department of Corrections.

On appeal, defendant contends that the trial court erred in concluding that his incarceration in California for a period in excess of ninety days did not exonerate him as both the principal and surety on the bond. We agree.

Section 16–4–108(1)(b.5), C.R.S.2000, provides, in pertinent part:

(1) Any person executing a bail bond *as principal or as surety* shall be exonerated as follows:

. . . .

(b.5) When the surety appears and provides satisfactory evidence to the court that the defendant is unable to appear before the court due to . . . incarceration of such defendant in a foreign jurisdiction if the defendant is incarcerated for a period

in excess of ninety days and the state of Colorado has refused to extradite such defendant; except that, if the state extradites such defendant, all costs associated with such extradition shall be borne by the surety up to the amount of the bond . . . . (emphasis added)

At the outset, we note that both parties assume that defendant was a surety on his own bond. However, a relationship created by a suretyship is, of necessity, a tripartite one among a party insured, the principal obligor, and the surety. The obligation of the surety is intended to supplement the obligation of the principal owed to the party insured or the obligee. *Transamerica Premier Insurance Co. v. Brighton School District 27J*, 940 P.2d 348 (Colo.1997). Consequently, having the same person as both principal obligor and surety adds nothing to the transaction. Therefore, we need consider defendant only as the principal obligor on his bond.

Statutory interpretation is subject to a de novo review. *See Welch v. George*, 19 P.3d 675 (Colo.2000). When the plain language of a statute is clear and unambiguous, we will not resort to interpretive rules of statutory construction, and we will apply the statute as written. *Vaughan v. McMinn*, 945 P.2d 404 (Colo.1997). We should adopt an interpretation that gives consistent, harmonious, and sensible effect to statutory provisions. In addition, we must be mindful of the effects of our interpretation and should avoid statutory constructions that lead to absurd results. *People v. Swain*, 959 P.2d 426 (Colo.1998).

Section 16–4–108(1) provides for the exoneration of "[a]ny person executing a bail bond as principal or as surety." Section 16–4–108(1)(b.5) requires the appearance of the surety. Here, the principal obligor, defendant, appeared through counsel and made the requisite showing that defendant was incarcerated in California. The appearance of defendant through counsel satisfies the statute. A more narrow interpretation would lead to the absurd result that a principal obligor could obtain exoneration only if there is a surety.

■ The People argue that defendant's failure to appear for trial was his own fault. However, fault is not a consideration under § 16–4–108(1)(b.5). Nor is it likely that a defendant would be incarcerated in a foreign jurisdiction without some element of fault. Therefore, we decline to graft a "no fault" requirement onto § 16–4–108(1)(b.5).

■ Finally, the People argue that defendant violated an express term of his bond by leaving the state without the permission of the court. However, such a violation, while it undoubtedly justifies revoking the bond, does not permit forfeiture nor does it preclude exoneration. The only condition the breach of which may result in a forfeiture is the failure to appear to answer the charge at a place and date certain and thereafter to appear as ordered by the court. *See* § 16–4–103(2), C.R.S.2000.

Accordingly, we reverse the judgment and instruct the trial court to set aside the forfeiture and to refund the bond to defendant, less the costs or expenses associated with his extradition, if any. *See* § 16–4–108(1)(b.5).

Having reached this conclusion, we need not address defendant's alternative argument that the trial court violated § 16–4–109(2), C.R.S.2000.

Judgment reversed and case remanded for further proceedings consistent with the views expressed in this opinion.

Judge METZGER and Judge DAVIDSON concur.