18CA1903 Peo in Interest of ZTL 11-04-2021 COLORADO COURT OF APPEALS Court of Appeals No. 18CA1903 City and County of Denver Juvenile Court No. 17JD443 Honorable D. Brett Woods, Judge The People of the State of Colorado, Petitioner-Appellee, In the Interest of Z.T.L., Juvenile-Appellant. SENTENCE AFFIRMED Division II Opinion by JUDGE BERGER Román and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 4, 2021 Philip J. Weiser, Attorney General, Wendy J. Ritz, First Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Ryann S. Hardman, Deputy State Public Defender, Denver, Colorado, for Juvenile-Appellant 
1 ¶ 1 Juvenile, Z.T.L., appeals the sentence imposed after she pleaded guilty to accessory to felony murder and aggravated robbery and was adjudicated an aggravated juvenile offender. She contends that the juvenile court erred by  failing to consider the purposes of the Children’s Code in sections 19-1-102 and 19-2-102, C.R.S. 2019;  failing to make the specific determinations required by section 19-2-921(1.5)(a), C.R.S. 2019; and  failing to consider the proper factors before denying presentence confinement credit.1 ¶ 2 She also argues that the juvenile court abused its discretion by committing her to four years in the Division of Youth Services (DYS) and denying presentence confinement credit. We address and reject her arguments and, therefore, affirm her sentence. 1 As discussed below, the Attorney General contends that the portion of the juvenile’s appeal asking this court to review the propriety of the sentence is barred by section 18-1-409(1), C.R.S. 2021. However, the Attorney General concedes, and we agree, that the juvenile’s contention that the juvenile court did not make the findings required by the Children’s Code constitutes “an appeal related to the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which the sentence was based,” which is not barred by section 18-1-409(1). Sullivan v. People, 2020 CO 58, ¶ 26. 
2 I. Relevant Facts and Procedural History ¶ 3 The juvenile was involved in a home-invasion homicide along with four older males. The prosecution filed a delinquency petition charging the juvenile with accessory to felony murder, second degree burglary, tampering with physical evidence, second degree kidnapping, aggravated robbery, and first degree burglary. The prosecution also charged the juvenile as an aggravated juvenile offender and moved to transfer the case from juvenile court to district court. ¶ 4 However, the transfer hearing was vacated when the parties reached the plea agreement. The juvenile pleaded guilty to accessory to felony murder, aggravated robbery, and the aggravated juvenile offender enhancer. Under the plea agreement, the parties stipulated to a sentencing range of two to five years in the DYS. The plea agreement was silent as to presentence confinement credit. ¶ 5 At the sentencing hearing, based on the facts of the case and the juvenile’s history of pretrial noncompliance and gang affiliation, the prosecutor requested a five-year DYS commitment, without presentence confinement credit. Based on the juvenile’s rehabilitation progress during presentence confinement, the 
3 juvenile’s guardian ad litem and defense counsel requested two years in DYS with 331 days of presentence confinement credit. ¶ 6 The juvenile court committed the juvenile to four years in DYS stating, First of all, these sentencings in Juvenile Court are very difficult because they are so rare that we have what is known as an aggravated juvenile offender in front of the Court and, most of the time, as the attorneys know, it’s not involving the death of someone which is, which is obviously a good thing. We don’t have that here today. And so, I’ve allowed a great deal of latitude for the sentencing presentation. I imagine that this is even much more of a presentation tha[n] you would get in adult court, it just doesn’t happen here all that often. I am mindful of the fact that [the juvenile] has made great progress while she’s been in custody at Gilliam and what led her back to being in custody at Gilliam and I will tell you that, and I explored that a little bit with the guardian ad litem. I’m mindful that [the juvenile] has received the benefit of being in the Juvenile Court system and not in the adult court system, and I’m keeping that in mind as well. And finally, I’m mindful of the fact that any sentence that I impose here today can be revisited by the Court upon motion. . . . So, I’m mindful that she is not the shooter and am grateful for that. But, I do think that the crime here was significant and obviously resulted in the loss of life of a member of our community. So, I am going to, not to beat around the bush any longer, order a commitment to the Division of 
4 Youth Services, standard fines, fees and costs will be imposed, and the commitment to the Division of Youth Services will be for a period of 4 years. ¶ 7 The juvenile court denied PSCC stating, “I’m not doing that.”2 II. The Juvenile Court was Not Required to Make Any Specific Findings Under Sections 19-1-102 or 19-2.5-101 ¶ 8 The juvenile argues that the juvenile court erred by failing to consider the purposes of and make findings under sections 19-1-102 and 19-2-102, C.R.S. 2019.3 But nothing in section 19-1-102, C.R.S. 2021, or section 19-2.5-101, C.R.S. 2021, imposes an obligation on the juvenile court to make any specific findings at sentencing. So, we reject this claim of error. 2 After this appeal was filed, the juvenile court denied the juvenile’s motion to reconsider her sentence. The juvenile court later granted the Department of Human Services’ petition to allow the juvenile to be transferred to a nonsecure placement. We do not further address these orders because they have no proper bearing on the resolution of the issues on appeal. 3 Effective October 1, 2021, section 19-2-102 was repealed and relocated. The legislative declaration is now located in section 19-2.5-101, C.R.S. 2021. For purposes of this appeal, section 19-2.5-101, C.R.S. 2021, does not materially differ from section 19-2-102, C.R.S. 2019. 
5 III. The Juvenile Court Made the Specific Determinations Required by Section 19-2.5-1117(4)(a) ¶ 9 The juvenile argues that the court erred by failing to make the specific determinations required by section 19-2-921(1.5)(a), C.R.S. 2019.4 ¶ 10 When a court commits a juvenile to the department of human services, the court is required to make the following specific determinations: (I) Whether placement of the juvenile outside the home would be in the juvenile’s and community’s best interest; and (II) Whether reasonable efforts have been made to prevent or eliminate the need for removal of the juvenile from the home; whether is it reasonable that such efforts are not made because an emergency situation exists that requires the immediate removal of the juvenile from the home; or whether such efforts are not 4 The parties both refer to the specific determinations required by section 19-2-921(1.5)(a), C.R.S. 2019, in their briefs. Effective October 1, 2021, section 19-2-921 was repealed and relocated. Section 19-2.5-1117(4)(a), C.R.S. 2021, now outlines the specific determinations a juvenile court must make when committing a juvenile to the department of human services. Section 19-2-921(1.5)(a), C.R.S. 2019, required two specific determinations, which have remained the same in section 19-2.5-1117(4)(a). But section 19-2.5-1117(4)(a) now requires an additional third specific determination. Because the parties do not address the new third determination, neither do we. 
6 required because of circumstances described in section 19-1-115(7). § 19-2.5-1117(4)(a)(I), (II), C.R.S. 2021. ¶ 11 The mittimus states, “[p]lacement out of the home is necessary and is in the best interest of the juvenile and community. Reasonable efforts were made to prevent or eliminate the need for placement of the juvenile.” Accordingly, the juvenile court made the specific determinations required by subsections (I) and (II) of section 19-2.5-1117(4)(a), and this claim of error fails. IV. Presentence Confinement Credit ¶ 12 The juvenile also argues that the court erred by failing to consider the proper factors when it denied her presentence confinement credit. ¶ 13 In general, the decision whether to apply presentence confinement credit against a juvenile’s sentence is a matter of discretion, “subject to an ad hoc assessment of the needs of the child and the interests of society.” People in Interest of T.S.R., 843 P.2d 105, 107 (Colo. App. 1992). ¶ 14 At the sentencing hearing, the juvenile court considered the needs of the juvenile: “I am mindful of the fact that [the juvenile] 
7 has made great progress while she’s been in custody at Gilliam and . . . I’m mindful that [the juvenile] has received the benefit of being in the Juvenile Court system and not in the adult court system . . . .” The juvenile court also considered the interests of society at the sentencing hearing: “I’m mindful that she is not the shooter and am grateful for that. But I do think that the crime here was significant and obviously resulted in the loss of life of a member of our community.” ¶ 15 True, when asked about presentence confinement credit, the juvenile judge simply stated, “I’m not doing that.” But the court’s statements at the sentencing hearing and findings on the mittimus reveal that the juvenile court considered the proper factors. Accordingly, the juvenile court did not abuse its discretion by denying presentence confinement credit.5 5 We note that when the DYS commitment is aggregated with the denial of presentence confinement credit, the effective sentence is still short of the five-year maximum agreed to by the juvenile. See People in Interest of J.R., 216 P.3d 1220, 1224 (Colo. App. 2009). 
8 V. Abuse of Discretion ¶ 16 The juvenile finally contends that the juvenile court abused its discretion by committing her to four years in DYS and denying her presentence confinement credit. ¶ 17 The Attorney General contends that section 18-1-409(1), C.R.S. 2021, which bars appellate review of the propriety of a criminal sentence that is within the range agreed upon by the parties, bars review of the propriety of a juvenile sentence that is within the range agreed upon by the parties. ¶ 18 Because the parties’ plea agreement was silent as to presentence confinement credit, appellate review of that claim would not be barred by section 18-1-409(1) even if that section applied to juvenile sentences. See People v. Garcia, 2016 COA 124, ¶ 20. As discussed above, the court did not abuse its discretion by denying the juvenile’s request for presentence confinement credit. ¶ 19 Regarding the juvenile’s claim that the court abused its discretion by committing her to four years in DYS, we decline to resolve whether section 18-1-409(1) applies to juvenile sentences because, even assuming section 18-1-409(1) doesn’t apply here, the juvenile’s claim fails. 
9 ¶ 20 “[A] trial court normally has broad discretion to craft a sentence it deems appropriate for a particular juvenile offender.” A.S. v. People, 2013 CO 63, ¶ 15. Consequently, a trial court’s sentencing decision will not be disturbed absent a clear abuse of discretion. People v. Leske, 957 P.2d 1030, 1042 (Colo. 1998). “A sentencing court abuses its discretion if it fails to consider ‘the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public.’” Id. at 1043 (quoting People v. Fuller, 791 P.2d 702, 708 (Colo. 1990)). ¶ 21 The commitment was within the statutory range. § 19-2.5-1127(1)(a)(I)(a), C.R.S. 2021. It also was within the range agreed to by the parties. And the juvenile court considered appropriate factors when it committed the juvenile to four years in DYS. The facts underlying the juvenile’s adjudication were very serious and resulted in the death of the victim. The juvenile court also considered the juvenile’s history of pretrial noncompliance and efforts at rehabilitation. Under the circumstances, the court did not abuse its discretion by committing the juvenile to four years in DYS. 
10 VI. Disposition ¶ 22 The sentence is affirmed. JUDGE ROMÁN and JUDGE YUN concur.